CLEVELAND JOHNSON v. THE STATE.

No. 990.    Decided March 22, 1911.

Rehearing Denied April 19, 1911.

**1.—Murder—Evidence—Other Transactions.**

Where, upon trial of murder, the evidence showed that the homicide grew out of a difficulty between defendant and another, which took place outside of a church in which religious worship was going on and while deceased was in the church, and who at the close of the services objected to such disturbance publicly, at which defendant took umbrage, there was no error in admitting this circumstance in evidence.

**2.—Same—Evidence—Bill of Exceptions—Practice on Appeal.**

Where, upon appeal from a conviction of manslaughter, it appeared from the record that defendant had accepted the bill of exceptions as qualified by the court, with reference to a question by State's counsel to defendant to the effect, whether this was the first man defendant had ever killed, etc.; the court certifying that he had sustained defendant's objection, there was no error.

**3.—Same—Charge of Court—Murder in the Second Degree—Manslaughter.**

Where defendant was convicted of manslaughter, he could not complain of the court's charge on murder in the second degree.

**4.—Same—Charge of Court—Self-Defense—Charge as a Whole.**

Where, upon trial of murder, the court's charge on self-defense, taken as a whole, was not subject to the criticism of defendant which was directed against one paragraph of the charge, there was no error.

Appeal from the District Court of Freestone. Tried below before the Hon. H. B. Daviss.

Appeal from a conviction of manslaughter; penalty, two years imprisonment in the penitentiary.

The State's testimony showed that defendant was under the influence of liquor on the night of the killing; that he approached one Barnes just outside of the church in which services were being conducted, and talked very loud, and was told by Barnes not to talk so loud; that they then got into an altercation and slapped each other with their hands; that Barnes asked defendant to move away from the church and that they would settle it, dragging defendant away with him; that the latter dropped a pistol in the scuffle, and Barnes called on the bystanders to take the pistol; that defendant's brother then picked up the pistol and handed it to defendant, who put it in his shirt bosom; that the trouble then ended between Barnes and the defendant, defendant going into the church; that shortly after the religious services were closed and the minister called on his congregation whether any announcements were to be made, that deceased arose and stated that the two young men who had created a disturbance outside the church had acted badly and he intended to have them arrested; that about that time defendant approached deceased, resenting the latter's remarks, and told him if he arrested him defendant would kill him; that the parties then left the church building, and just as they got out defendant shot and killed deceased, who was unarmed and not doing anything.

The defense testimony showed that at the time defendant shot deceased the latter was following him with an open knife, and had shortly before slapped defendant as they went out of the church building. The deceased's pocket-knife was found at the scene of the homicide shortly after it occurred.

*R. L. Williford* and *Bell & Fryer,* for appellant.—Upon question of introducing in evidence the altercation that took place outside of the church between defendant and a third party: Brown v. State, 54 Texas Crim. Rep., 121, 112 S. W. Rep., 80; Pace v. State, 124 S. W. Rep., 949; Haney v. State, 122 S. W. Rep., 34; Roquemore v. State, 129 S. W. Rep., 1120; Saldivar v. State, 115 S. W. Rep., 584; Herndon v. State, 50 Texas Crim. Rep., 552, 99 S. W. Rep., 558; McAnally v. State, 73 S. W. Rep., 404; Williams v. State, 38 Texas Crim. App., 128, 41 S. W. Rep., 645; Long v. State, 39 Texas Crim. Rep., 537, 46

S. W. Rep., 821; Richardson v. State, 33 Texas Crim. Rep., 518, 24 S. W. Rep., 894; Sherar v. State, 30 Texas Crim. App., 349, 17 S. W. Rep., 621.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—In this case appellant was indicted charged with the offense of murder. Upon a trial he was convicted of the offense of manslaughter, and his punishment assessed at two years confinement in the penitentiary.

1. Appellant, in a bill of exceptions, complains that the court erred in permitting the witness Abe Barnes to testify in regard to a difficulty between himself and defendant on the night defendant killed Caesar Barrow. The court trying the cause, in approving the bill, says: "This difficulty on the outside of the church between Abe Barnes and the defendant was that about which the whole disturbance arose and out of the reference to which by the deceased the killing occurred. It was admissible to show the state of the defendant's mind, and that he was armed with a pistol before he went into the church, and as establishing the motive for the killing."

2. In another bill of exceptions defendant complains that the district attorney asked defendant, while on the witness-stand, the following question: "This is not the first man you have ever killed?" To which the witness answered, "No, I killed him, but——," when defendant objected, and the witness answered no further. The court, in approving the bill, says:

"That it is not a fact that the court overruled defendant's objection. The facts are that when this question was asked by State's counsel the witness was interrupted by counsel for the defendant. The court then called both counsel for the State and the defendant to the court's desk, and outside the hearing of the jury told counsel that the objection would be sustained unless the proof showed that the alleged killing of another was recent. State's counsel told the court in the presence and hearing of defendant's counsel that the killing was within the past two years, and that he would ascertain the exact time and put the evidence on later. The court then stated to counsel for State and defendant that the proof would not be admitted unless the killing was shown to be recent, and also told defendant's counsel that if they desired to urge the objection the question and the answer of the witness would be excluded. No further reference or question was ever made regarding the matter by anybody, no comment or reference was made to it in the argument of either the State or the defendant, and no action was taken thereon or requested, except as hereinbefore explained, it evidently having passed from the attention of all parties."

In Blain v. State, 34 Texas Crim. Rep., 448, this court held: "In order to have revised on appeal the action of the trial court in modifying, changing or contradicting a defendant's bill of exceptions, the

defendant must have objected to such action at the time, and have reserved a bill of exceptions to such alteration of his original bill. And a failure to do so is tantamount to an acceptance of the altered bill, and estops defendant from further complaint in the matter." See also Jones v. State, 33 Texas Crim. Rep., 7; Levine v. State, 35 Texas Crim. Rep., 647; Burt v. State, 38 Texas Crim. Rep., 397. And in Lindley v. State, 11 Texas Crim. App., 283, it is held that affidavits will not suffice to authenticate recitals in a bill of exceptions which is qualified or disputed by the trial judge in his note of explanation thereto. If the defendant is not satisfied with the bill as qualified by the court, he can take his bill to the action of the court in qualifying same as is pointed out in Blain v. State, supra. If he accepts and files them he is bound thereby, and the bills as presented to us, with the qualifications of the judge, present no error.

3. In bills of exception Nos. 3 and 4 defendant complains of the court's charge on murder in the second degree, and had the jury convicted the appellant of murder in the second degree the criticisms might be well taken. (Conde v. State, 35 Texas Crim. Rep., 98; Harvey v. State, 35 Texas Crim. Rep., 545.) But it has uniformly been held in this State that if on a trial a defendant is convicted of a lower degree, this eliminates all questions of error as to the higher degree. (Smith v. State, 22 Texas Crim. App., 316; Williams v. State, 25 Texas Crim. App., 76; Sargent v. State, 35 Texas Crim. Rep., 325; McGrath v. State, 35 Texas Crim. Rep., 414.)

As the defendant was found guilty of manslaughter, the errors in the judge's charge on murder in the second degree, if any, can not be considered by us.

4. The court in presenting the law of self-defense charged the jury as follows: "Every person is permitted by law to defend himself against any unlawful attack, reasonably threatening injury to his person, and is justified in using all necessary and reasonable force to defend himself, but not more than the circumstances reasonably indicate to be necessary, viewing same from defendant's standpoint. Homicide is justified by law when committed in defense of one's person against an unlawful attack, made in such a manner as to produce a reasonable expectation or fear of death or some serious bodily injury. A reasonable apprehension of death or bodily harm will excuse a party in using all necessary force to protect his life or person, and it is not necessary that there should be actual danger, provided he acted upon a reasonable apprehension of danger as it appeared to him from his standpoint at the time.

"And in such case the party acting under such real or apparent danger is in no event bound to retreat in order to avoid the necessity of killing his assailant.

"If from the evidence you believe the defendant Cleveland Johnson killed Caesar Barrow, but further believe that at the time of so doing Caesar Barrow had made or was about to make an attack on him which,

from the manner and character of it, and the relative size and strength of the parties, caused Cleveland Johnson to have a reasonable expectation or fear of death or bodily injury, and that acting under such reasonable expectation of fear Cleveland Johnson killed Barrow, then you should acquit him. And if Caesar Barrow was armed, or if defendant believed he was armed at the time he was killed, and was making or about to make such attack on Cleveland Johnson, or if you believe that deceased was pursuing defendant, and defendant believed at the time he shot that deceased was about to attack him, and if the weapon used by Caesar Barrow and the manner of its use were such as were reasonably calculated to produce death or serious bodily harm, then the law presumes he intended to murder or inflict bodily injury upon the defendant, and if you so believe you will acquit defendant."

The appellant in his motion for new trial takes one paragraph in this charge and criticises it, but we must take the entire charge, and when we do so it amply and correctly presents the law as applicable to the evidence in this case. The judgment is affirmed.

*Affirmed.*