## DIXIE HARRIS v. THE STATE.

No. 8572.   Delivered Dec. 17, 1924.

Rehearing denied Jan. 31, 1924.

### 1.—Theft of Automobile—Suspended Sentence—War Record Not Admissible.

Accused sought a suspended sentence. A number of witnesses testified to his good reputation. He himself testified that he was wounded in the late war and his eyes were hurt; that he was gassed at St. Mihiel, and was in the hospital for some time. He offered to testify further as to his war record, but on objection by the state it was excluded. The court committed no error in his ruling, such testimony not being admissible on the issue of suspended sentence. See Mobley v. State 89 Tex. Crim. Rep. 646 and other cases cited in the opinion.

### 2.—Same—Evidence—Cross-Examination of Wife—Bills of Exception.

Appellant complains that the State was permitted to cross-examine his wife as to matters not testified to by her upon direct examination. The bill is defective in that it fails to set out what her evidence in chief was. The statement in the bill that the cross-examination was not germane to matters testified to by her on direct examination, are only grounds of objection, and is not a certificate of the fact.

Appeal from the District Court of Haskell County. Tried below before the Hon. W. R. Chapman, Judge.

Appeal from a conviction of theft of an automobile; penalty, two years in the penitentiary.

No brief filed for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—Appellant is under conviction for the theft of an automobile with punishment fixed at confinement in the penitentiary for two years.

We find it unnecessary to state the facts. They show beyond question appellant's guilt.

Accused sought a suspended sentence and introduced a number of witnesses who testified to his good reputation. Appellant testified that he was wounded in the late war and his eyes were hurt; that he was gassed at St. Mihiel and was in the hospital for some time. Upon the issue of suspended sentence he offered to testify further that he enlisted in 1917 and was discharged in 1919, that he took part in the Marne offensive from July 18th, to August 6, 1918, was in the St. Mihiel offensive from September 12th to 16th, and was in the Argonne continuously from September 26th to November 11th, 1918. Upon the same issue he also offered in evidence an honorable discharge

from the U. S. Army. Upon objection these matters were excluded. The court committed no error in his ruling, such testimony not being admissible upon the issue of suspended sentence. See Mobley v. State, 89 Texas Crim. Rep., 646, 232 S. W. 531; Moore v. State, 91 Texas Crim. Rep., 118, 237 S. W. 931; Baker v. State, 87 Texas Crim. Rep., 305, 221 S. W. 607; Wagley v. State, 87 Texas Crim. Rep., 504, 224 S. W. 688; Johnson v. State, 92 Texas Crim. Rep., 582, 241 S. W. 484; Brown v. State, 92 Texas Crim. Rep., 147, 242 S. W. 218.

We find another bill in the record complaining that the State was permitted to cross-examine the wife of accused as to matters not testified to by her upon direct examination. The bill is defective in that it fails to set out what her evidence in chief was. The statement in the bill that the cross-examination was not germane to matters testified to by her on direct examination are only grounds of objection and is not a certificate of the fact. Brown v. State, 144 S. W. 265; Golden v. State, —— Texas Crim. Rep., ——, 146 S. W. 945; Neyland v. State, —— Texas Crim. Rep., ——, 187 S. W. 196.

Finding no error in the record the judgment is affirmed.

*Affirmed.*