### VIVIAN HAWKINS v. THE STATE.

No. 16744. Delivered May 16, 1934.
Rehearing Denied June 13, 1934.

464

The opinion states the case.

*J. D. Willis*, of Waco, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for theft from the person; punishment, two years in the penitentiary.

The facts show that appellant and another negro woman came into the store of Mr. Dunn. Appellant inquired about some meat, and as Mr. Dunn went toward his meat counter she followed, and he testified that he felt her body push against his but paid no attention to it. Instead of waiting for the meat she went at once out of the store, got in a car with her companion and told her companion to pour the gas to the car and get away. This aroused the suspicion of Mr. Dunn, and he felt in his pocket where he had had $73.00 and found that $67.00 of it had been taken. He ran out of the store and got on the running board of the car and demanded his money. Appellant told him to get down off the car, that she did not have his money, and kept telling the other woman to hurry and get away. Before they got very far there was a blow-out. Parties came to the car, and after some trouble, got appellant out of same. Mr. Dunn said he had seen her thrust a $20.00 bill under the leg of her companion before the blow-out. When they were taken from the car a $20.00 bill dropped out. Appellant was either shaken by some one or struggled soon after getting out of the car and another $10.00 bill dropped out of her clothes. Just as they were taking her to the calaboose the remainder of Mr. Dunn's $67.00 dropped out. He recovered all of his money. Appellant did not testify, or offer any evidence, except that of her mother, who said that appellant had never been convicted of a felony. There are no bills of exception, and no error appearing, the judgment will be affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—In his motion for rehearing appellant asserts that the court was in error in stating that there were no bills of exception. Upon re-examination of the record, it appears that the bills of exception are in a separate document.

From Bill No. 1, it appears that after the introduction of the State's evidence, a motion was made to have the jury instructed to bring in a verdict of acquittal. In refusing to grant the motion, it is conceived that no error was committed.

Bill of Exception No. 2 contains the following: "The witness, P. G. Dunn, for the State, testified over the objection of the defendant made in open court: 'I had two $20.00 bills, four $5.00 bills, and thirteen $1.00 in my pocket that morning.'"

The bill is incomplete in failing to state any intelligible objection to the testimony. However, the testimony apparently was admissible, and manifestly, as drawn and approved by the trial judge, the bill shows no error.

In the record is a statement that the appellant made a motion in arrest of judgment and that after hearing the evidence the motion was overruled. Exception was reserved to the ruling. The evidence or criticism upon which the complaint is based is not stated.

The motion for new trial is not verified by the affidavit of either the appellant or his attorney. Apparently it attempts to present the view that there was a variance between the description of the money in the indictment and in the proof. The money described in the indictment is as follows: "$67.00 in money." The complaint in the motion is that there was error in refusing to sustain the objection to the proof to the effect that the money was United States currency. Even if properly raised by bill of exception, the matter would not constitute error under the facts as understood. See Armstrong v. State, 46 S. W. (2d) 987; Bybee v. State, 54 S. W. (2d) 142; Holland v. State, 51 S. W. (2d) 340. See, also, Art. 1544, P. C., 1925.

Reference is also made in the motion for new trial to misconduct of the jury, but no proof of misconduct appears therein.

The motion for rehearing is overruled.

*Overruled.*