NOLEN SEALS v. THE STATE.

No. 17120.   Delivered January 9, 1935.
Rehearing Denied February 6, 1935.

The opinion states the case.

*Gordon O. McGehee,* of Houston, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—Theft, a misdemeanor, is the offense; penalty assessed at confinement in the county jail for thirty days.

The information follows the complaint and the charging part thereof is as follows: " * * * that Nolan Seals, heretofore on the 8th day of April, A. D., 1934, in said county and state did fraudulently take and steal Ten Dollars, of the value of Ten Dollars, the same being then and there the corporeal personal property of Mrs. S. E. Davis, the owner thereof, from the possession of the said owner, without the consent of the said owner, and with the intent then and there to deprive the said owner of the value of the same, and to appropriate it to the use and benefit of the said Nolen Seals, against the peace and dignity of the State."

Mrs. S. E. Davis, the alleged injured party, testified as follows: "My name is Mrs. S. E. Davis. I saw this defendant, Nolen Seals, on or about the 8th day of April, 1934, at the Melba Hotel, 1219½ Congress. On or about April 8, 1934, I was the owner of ten dollars in money, and this defendant, Nolen Seals, got that money. I will tell you how he got it. In the night he came to me and got two half-dollars to make change for the beds. This defendant, Nolen Seals, was working for me at that time. Again he came back to me and asked for nine dollars to finish making change for a ten-dollar bill, and I got the money out and while I was getting the money out, the man hollered to him to hurry and he said, 'She is getting it as fast as she can,' and I gave him eight dollars in greenbacks and two half-dollars, which made nine dollars then, and the two half-dollars that night; and, so he went on away with it and I thought he would bring the ten-dollar bill back directly, and directly I got dressed and I went out and I couldn't find him, and, after a while he came back and said the man had taken the ten dollars and didn't hand him the ten-dollar bill. I have not gotten my ten dollars. I never did get the ten-dollar bill."

The testimony given by the witness on cross-examination was merely a reiteration of that given on direct examination

quoted above. To restate the answers of the witness on cross-examination would be but a useless increase in the length of this opinion.

In the motion for new trial there is repetition of the evidence but no important fact not stated above.

Bill No. 1 attacks the complaint and information upon the ground that "the description of the money alleged to have been stolen, namely, ten dollars, was inadequate." The description is deemed sufficient. See Raymond v. State, 33 S. W. (2d) 192; Hunter v. State, 45 S. W. (2d) 969; Armstrong v. State, 46 S. W. (2d) 987; Bybee v. State, 54 S. W. (2d) 142; Hawkins v. State, 72 S. W. (2d) 280.

Bill No 2 restates the evidence in detail, including the direct and cross-examination, all of which is in question and answer form without, so far as appears, any authority for being in such form. However, the main evidence is quoted in the beginning of this opinion. The bill, other than the fact that it is in the nature of a demurrer to the evidence, raises no question which is necessary to be discussed. Suffice it to say, that in the opinion of this court, the bill presents no error.

Bill No. 6 again restates the evidence as originally set out. The bill is in the nature of a motion for new trial and excepts to the ruling of the court in refusing to grant the motion.

The trial was had before the court without a jury.

On the question of theft of money, the following cases are deemed in point: De Blanc v. State, 37 S. W. (2d) 1024; Sherman v. State, 62 S. W. (2d) 146; Haley v. State, 75 S. W. (2d) 272.

The remaining bills of exception, namely, Nos. 3, 4, and 5 bring forward no matter not embraced in the views above set out.

If the State's testimony is believed, the appellant requested and received from the alleged injured party, the sum of money which he represented to her was necessary in making change for a customer and that the customer took the money from the appellant. His statement, if true, would exculpate him. On the contrary, if the appellant obtained money from the alleged injured party pretending that it was to be used in making change, when in fact such was not his purpose and he appropriated the money, his act was unlawful. What the appellant said to the alleged injured party, what his intent was and whether he obtained any sum of money from her, were questions of fact for the decision of the judge who tried the case. Apparently the law of the case is embraced in art. 1413, P. C.,

1925. That is to say, that the money was obtained by false pretext with the intent to deprive the owner thereof and to appropriate it to the benefit of the appellant. See De Blanc v State, supra.

The judgment is affirmed.

*Affirmed.*

HAWKINS, J., absent

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant insists that the court erred in refusing to sustain his motion to quash the complaint and information, and in overruling his motion in arrest of judgment, the ground of each being that the property alleged to have been taken by appellant was described as "Ten Dollars, of the value of Ten Dollars." Appellant cites several authorities handed down in the early history of this court, holding that such description was not sufficient. Such rule no longer obtains. See Thompson v. State, 90 Texas Crim. Rep., 125, in which we held that to describe money as so many dollars, of the value, etc., was sufficient.

Appellant also urges that we should have considered his bills of exception, which are in question and answer form. A re-examination of said bills confirms us in the conclusion announced in our former opinion. It is the rule of this court, as well as the statute, art. 760, C. C. P., that we will not consider bills of exception in question and answer form, unless the trial court in his approval thereof has certified that it was necessary for them to be in such form in order to make apparent some point involved. It is very clear from the facts in this case that the State was relying upon the proposition that at the time appellant came into possession of the property of Mrs. Davis he did so upon a false pretext, pretending that he wanted the ten dollars for the purpose of making change. We think the facts are sufficient.

The motion for rehearing will be overruled.

*Overruled.*