### TED THOMAS V. THE STATE.

No. 18368.   Delivered October 14, 1936.
Rehearing Denied December 9, 1936.

The opinion states the case.

*Donald, Kearby & Donald,* of Bowie, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was convicted of the offense of burglary, and his punishment was assessed at confinement in the state penitentiary for a term of two years.

Appellant's first contention is that the trial court erred in overruling his motion for an instructed verdict of not guilty, on the ground that the State's testimony was insufficient to justify his conviction. We cannot agree with him. The testimony shows that on the night of March 15, 1935, some party or parties forcibly entered the saddle house of Mrs. Crenshaw and took therefrom one saddle. Appellant was seen on the highway within about four miles of the burglarized saddle shop in the early part of the said night. The next morning about six o'clock he and Raymond Dillday came to the home of D. W. Wallace in Archer City where they drank a cup of coffee. They seemed to be in a hurry to go to Olney, but before they left, and while out at their car, they said to Mr. Wallace that they had some "hot stuff" in the car. On the same afternoon they came back to Mr. Wallace's home and told him their car was tied up at Olney; that they had a saddle in it and the law had taken charge of it. They asked Wallace to take them to Wichita Falls and then tell his, appellant's, wife to report that their car was stolen. Wallace complied with their request. After they reached Wichita Falls they went to the Dillday home and secreted themselves under the floor where they were

subsequently found by the officers and arrested. The car in which the stolen saddle was found belonged to appellant. This, we think is sufficient to justify the jury in finding the appellant guilty of burglary.

By bill of exception number one (a) appellant complains of the court's action in overruling his objections to the court's charge. This bill is without merit. The charge as we construe it is a clear and succinct statement of the law applicable to the facts in the case.

By bill of exception number two the appellant complains of the following remarks of the district attorney in his closing argument, to-wit: "Of course, they always rely on what the State didn't prove; but I have done the best I can, and I will tell you the records right yonder in the clerk's office show, and I am willing for you to know what's in them, and what the other boy with this defendant got when he was tried. Now, I want this jury to give the defendant what's coming to him." Appellant objected thereto and the court sustained the objection and instructed the jury nor to consider the same. The court qualified said bill of exception and in his qualification states that the argument complained of was made in reply to the argument of the appellant's attorney. Appellant declined to accept the bill with the qualification; and thereupon the court drew his own bill in which he set forth that the district attorney made the argument complained of by the appellant, but that said remarks were in reply to the argument of defendant's counsel who discussed the matter as to what had happened to the other boy, a co-defendant. That the argument of the district attorney was improper is not even a debatable question, but a defendant may not complain of a matter as being prejudicial which he himself first injected into the case. See Sinclair v. State, 35 Texas Crim. Rep., 130, and authorities there cited.

Appellant sought to modify or controvert the qualification of the court to his bill number two by the affidavit of both of his attorneys. This could not be done. See Lindley v. State, 11 Texas Crim. Rep., 283; Johnson v. State, 61 Texas Crim. Rep., 635.

The matter complained of in bill of exception number three relates to misconduct of the jury which is brought forward by appellant in his motion for a new trial. At the time the motion was presented the court heard testimony. One of the jurors, Reverend Lansford, testified that after they retired to consider their verdict one of the jurors, but he did not recall who,

said: "I am not satisfied with the evidence in this case. I wish the defendant had put on his evidence." Someone else said: "We might as well convict him here as they would try him in Archer County for concealing stolen property." The foreman of the jury testified that there was nothing said in the jury room about the defendant not taking the stand or giving his version of the case or calling any witnesses to the stand until after they had agreed upon their verdict. Other jurors had no recollection of the remarks having been made as testified to by Reverend Lansford and still others testified that they were made after the jury had arrived at a verdict. This clearly raised an issue of fact which was determined by the court adversely to the appellant's contention and this court is bound by the finding of the trial court unless the record discloses an abuse of judicial discretion in respect to the matter complained of. See Manley v. State, 92 Texas Crim. Rep., 537, and authorities there cited.

All other matters complained of have been considered by the court and found not to disclose any reversible error.

Finding no reversible error in the record, the judgment of the trial court is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—In the bill of exceptions prepared by the trial court, in lieu of appellant's bill No. 2, it was stated that the argument of the State's attorney, which formed the basis of the exception referred to, was made in reply to argument theretofore made by appellant's attorney. We said in our opinion that it being thus shown that appellant himself had first injected this matter, he might not complain. Appellant now urges that the trial court's statement in said bill was but a conclusion and unaccompanied by any recital of facts, for which reason this court erred in giving approval to what is claimed to be an erroneous conclusion of the court below. Appellant's attorneys filed their personal affidavits with the clerk of the trial court, setting up that they made no such argument as would justify the trial court's conclusion expressed in the qualification; and it is urged that the court below should have set out the language used by said attorneys in argument so

that this court might determine therefrom whether the trial court's conclusion was correct. We know of no authority holding with appellant in such contention. Our statutes provide ample remedy for one who is not satisfied with the correctness of a bill of exceptions prepared by the trial court in lieu of a refused bill presented by the accused. In a bystanders' bill properly authenticated, the matters here urged as error could have been fully set out and properly brought before us. The statement by the trial court in his bill that the argument of State's attorney was made in reply to arguments of opposing counsel, is a statement of fact by the court who heard the respective arguments, and can not be deemed a mere conclusion. The court's alleged conclusion could only be controverted in the way provided by statute and not by affidavits.

We find nothing in the statement of facts heard by the court below when the motion for new trial was presented, which combats the correctness of the statement that the argument was in reply to that of appellant's counsel,—even if such had been the proper method of contradiction.

It was not necessary for the State to show the want of consent of the hired man,—who slept in the saddle house on the night of the alleged burglary,—to the entry of the house or to the taking of the alleged stolen property. He was neither general nor special owner. The ownership of the house and property therein was properly alleged to be in Mrs. Crenshaw, the actual owner. See cases cited by Mr. Branch in his Annotated P. C., Sec. 2447; Bennett v. State, 32 Texas Crim. Rep., 216. Nor do we agree with appellant that the case should have been reversed because of misconduct of the jury.

Believing the case properly disposed of in our former opinion, the motion for rehearing is overruled.

*Overruled.*