## J. R. GARY V. THE STATE.

No. 23624. Delivered March 26, 1947.
Rehearing Denied May 21, 1947.

*William H. Hamblen,* of Edna, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is theft from the person of a billfold containing Fifty-six Dollars. The punishment assessed is confinement in the state penitentiary for a term of five years.

Appellant's first complaint relates to the court's action in overruling his motion to quash the indictment on the ground of being duplicitous.

The indictment, omitting the formal parts, reads as follows: "* * * that J. R. Gary, on or about the 31st day of May, A. D. 1946, and before the presentment of this indictment, in the County of Jackson, and State of Texas, did then and there unlawfully, fraudulenty and privately take from the possession and the person of George Gayle Fifty-six Dollars in money, of the value of $56.00, the same being the corporeal personal property of the said George Gayle, without the consent and without the knowledge of the said George Gayle, and with the intent to deprive the said George Gayle of the value of the same and to appropriate the same to the use and benefit of him, the said J. R. Gary." etc.

The indictment in the instant case follows the form as prescribed in Wilson's Criminal Forms No. 650 which has been approved by this Court many times. See McCollum v. State, 29 Tex. Cr. R. 162 and Sims v. State, 64 Tex. Cr. R. 435. We deem the indictment sufficient to charge the offense of theft from the person.

By Bills of Exception Nos. 1, 2, and 3, he questions the sufficiency of the indictment in three particulars: First, that the indictment upon its face shows that the Grand Jury which returned this indictment was organized at the Fall-Winter term

of 1946. The Court qualified this bill by stating that there are two terms of District Court in Jackson County each year of six months each, and that the term of court beginning on the 3rd Monday in September of each year is generally called the Fall-Winter term, this being the term at which the indictment in question was returned. We see no error reflected by the bill. By his second bill he contends the indictment is duplicitous in that it charges two offenses in one count, to-wit, theft from the person and ordinary theft. By his third bill, he claims that the alleged stolen property was not sufficiently described. There is no merit in either contention. See Seals v. State, 78 S. W. (2d) 617, Thompson v. State, 234 S. W. 406, Bufford v. State, 184 S. W. (2d) 843.

By Bill of Exception No. 4 he complains of the action of the trial court in refusing to permit him to introduce in evidence a copy of what purports to be defendant's discharge from the United States Army, issued by the Adjutant General's Office, St. Louis, Missouri, in support of his general reputation. Under the holding of this Court in the case of Harris v. State, 268 S. W. 160 where a similar question was raised, this Court held the same to be inadmissible.

Appellant's Bills of Exception Nos. 5, 6, and 7 complain of the insufficiency of the evidence to sustain his conviction, and the action of the court in overruling his motion for a new trial.

The record reflects that on the 31st day of May, 1946, George Gayle, the injured party, the appellant, and one or two other parties met at the Wheel Tower in Edna, Jackson County, Texas, where they engaged in drinking beer; that during the time that they were at said place, appellant asked Gayle to buy him a bottle of beer which he did; that in paying for the beer, he opened his billfold which contained a number of bills; that appellant during most of the time was very close to Gayle and at one time caught his arm or coat; that when Gayle went out to relieve himself of some of the beer, he missed his billfold containing $56.00. He immediately asked appellant to give him his billfold and money, but appellant denied having it. When Gayle told appellant that he was going to call the "law", appellant left and went to the bus station for the purpose of going to Victoria, but since the bus was not going to leave for some time, he started to walk. The sheriff, who had been informed of the theft, started for Victoria in his automobile. When he crossed the river bridge about three miles from the town of Edna, appellant flagged him. The sheriff stopped, recognized

appellant, and invited him into the automobile and then started on his return trip to Edna. The sheriff searched appellant and found $52.00 or $53.00 on his person. The next morning appellant informed the sheriff where he had thrown the billfold and offered to take the sheriff to the place. The sheriff and his deputy accompanied appellant to the place where he said he had thrown the billfold and there they found it with a duplicate registration certificate issued to George Gayle, a social security card issued to George Gayle on June 15, 1939, and some other identification documents, which need not be mentioned here. Appellant took the witness stand and testified that he saw the billfold as it fell out of Gayle's pocket when he was adjusting his trousers while he was on the outside of the building; that he picked it up, took the money from it and then threw it in the weeds near the Wheel Tower to which place he directed the officers in search of the same. Gayle testified that he missed his billfold before he got outside; that it did not fall out of his pocket on the outside of the building.

Under the facts disclosed by the record, we are of the opinion that the same are sufficient to sustain his conviction for the offense charged.

Therefore, the judgment of the trial court is affirmed.

HAWKINS, Presiding Judge, absent.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

HAWKINS, Presiding Judge.

Appellant's motion is predicated on the contention that the evidence is insufficient to support the conviction of theft from the person, and does not measure up to the requirements of the law where the conviction rests upon circumstantial evidence.

This contention has caused us to again examine the facts and we can not agree with appellant's position. He was by his own admission in possession of the money and billfold belonging to Gayle, and pointed out to the sheriff where he had thrown the billfold in some grass and weeds. Indeed, when taken to the place of the theft, he went directly to the spot where he had

thrown the billfold and recovered it himself, and handed it to the sheriff.

His sole defense was that he did not take the property from the person of Gayle, but saw him drop the billfold which appellant then picked up. While Gayle did not know just when the billfold was taken from his pocket he was quite certain it was gone when he went out in the yard. After appellant had testified Gayle was recalled, and testified: "* * * I did not drop my billfold out of my breeches out there, (in yard) * * * I know I did not drop the purse out there because I felt for my purse and the purse was gone. I felt for it when I was going out there. When I was going out I felt back like this (indicating) and it was out of my pocket; the purse was gone."

The jury had ample evidence upon which to base its finding.

The motion for rehearing is overruled.