ALEXANDER WADLEY V. STATE

No. 29,194. October 30, 1957.

*J. C. Jacobs,* Corsicana, for appellant.

*Jimmy Morris,* County Attorney, Corsicana, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is driving while intoxicated; the punishment, three days in jail and a fine of $50.00.

In view of our disposition of the case, a recitation of the facts will not be deemed necessary other than to observe that the arresting officers testified that the appellant was intoxicated, while the appellant and his witness testified that he was not intoxicated at the time in question.

The bills of exception all relate to the same question. They reflect that the state was permitted to prove over the appellant's exception that the arresting officers bore a good reputation for truth and veracity. The court qualified the bills by noting the conflict in the testimony. The state concedes the inapplicability of this qualification but contends that, because the court permitted the appellant to prove that he bore a good reputation for truth and veracity, he thereby invited this subsequent proof by the state and relies upon Thomas v. State, 131 Texas Cr. Rep. 396, 98 S.W. 2d 827. In the Thomas case, this court held that it was not reversible error for the prosecutor to go outside the record in answering something that the accused had injected into the case. As applied to the case at bar, the Thomas case might be cited as authorizing the state's proof that the appellant's reputation for truth and veracity was bad but could not be construed as authority for the state to bolster its own witnesses, as was done in the case at bar.

To recapitulate: The court erred in permitting the appellant's witnesses to testify that his reputation for truth and veracity was good since no issue had been raised by the evidence. This error on the part of the court might have authorized the state to refute such testimony by showing that the appellant's reputation in the respect mentioned was bad. We cannot, however, in the face of the recent decision of this court in Thurman v. State, 162 Texas Cr. Rep. 477, 286 S.W. 2d 941, and the cases there cited, hold that the state should have been permitted to prove that the arresting officers bore a good reputation for truth and veracity when their reputation in this respect had not been attacked.

For the error pointed out, the judgment of the trial court is reversed and the cause remanded.