LOUIS B. FREY V. STATE

No. 33,054. March 15, 1961

Motion for Rehearing Overruled April 26, 1961

WOODLEY, Presiding Judge, absent.

*Clyde W. Woody* and *John J. Brown,* Houston 2, for appellant.

*Frank Briscoe,* District Attorney, *Samuel H. Robertson, Jr., Jon N. Hughes,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge

The offense is robbery by firearms; the punishment, fifty years.

William A. Greer, owner and operator of a retail liquor store, while testifying, identified the appellant as the person who entered his store about 9:30 P.M., March 19, 1960, asked for several items, produced a pistol and ordered Greer to deliver to him the money in the cash register and his wallet which he did because he was afraid the appellant would shoot him. After ordering Greer to lay on the floor, appellant left with the merchandise, wallet and $62 in money. In a few seconds Greer pursued the appellant with his pistol, fired several shots toward him which were returned, and he saw appellant stumble. Recovered near the place where the appellant stumbled, was the merchandise, which Greer identified, that had been carried away and the coat appellant had worn during the robbery which Greer also identified. Greer also testified that the revolver and dark glasses shown him appeared to be those that appellant had used during the robbery. While searching the area, the officers saw the appellant standing on the steps of a residence a short distance away from Greer's store, and as they stopped the patrol car the appellant began walking toward the car, and said "I've been shot." An examination showed a gunshot wound in appellant's right leg "right about the knee."

Appellant, testifying in his own behalf, stated that he had heard the testimony of the state's witnesses, but that he had no

recollection of any such events, and knew nothing about the robbery, although he remembered that his leg was injured but did not know how it occurred. He denied that the coat, dark glasses, or the revolver belonged to him. He further testified that he had extreme headaches and blackout spells for the past two years, and after the spells he could not remember what had oc-curred.

The witness Brown, who had known the appellant about four years, testified that he was incoherent at times, had delusions and in his opinion he did not know right from wrong on March 19, 1960. Another witness testified that during the preceding year the appellant had not been normal, suffered blackout spells and at times was insane. His mother testified that for the last six years he had been nervous, had blackouts and was not rational at times, and that in her opinion he was insane on the date of the robbery. Dr. McClelland testified that there were "suggestions of this patient (appellant) being psychotic" at the time of his examination of the appellant on June 20, 1960, but that he was not of "unsound mind."

In rebuttal, the state called three physicians. Dr. Crowley testified that the results of the electroencephalograph tests of the appellant showed he was normal. Dr. Crowe testified that the appellant was not psychotic and knew the difference between right and wrong. Dr. Scher testified that appellant was not suffering from amnesia and that there were no signs or symptoms except of sound mind on the date of the robbery.

The state introduced a judgment finding the appellant sane which was based upon a sanity trial by a jury on October 3, 1960. The instant trial began October 4, 1960.

No formal bills of exception appear in the record.

Appellant contends that the trial court erred in refusing to permit the officers to testify as to what he told them when apprehended near the scene and shortly after the robbery about "how he got shot" or " how he was shot," or that "he did not have a recollection of the robbery." He insists that his statements were admissible as a part of the res gestae. And further that while he was testifying the court refused to allow him to answer the question if he told the officer he knew nothing about the robbery.

The officers, while testifying, were asked the questions about

the matters as shown above, but they at no time testified what their testimony in answer to such questions would have been if they had been permitted to testify. In the absence of the jury the appellant testified that he told the officers that he did not know anything about the robbery, and before the jury he testified that he knew nothing about the robbery. This contention does not present error.

Complaint is made of the testimony of Dr. Crowley showing his interpretation of a test of the appellant by the use of an electroencephalograph by a technician because he was not present during the making of the test, that he relied on the ability of the technician and there was no evidence that the machine was working properly.

Dr. Crowley testified that he was in charge of the machine, that it was in good working condition, that the test was made by a technician under his supervision and that he was actually present part of the time during the test. In this no error is shown. Jackson v. State, 159 Tex. Cr. R. 228, 262 S.W. 2d 499; Leonard v. State, 161 Tex. Cr. R. 470, 278 S.W. 2d 313.

It is insisted that the trial court erred in refusing to allow the appellant to ask a hypothetical question of Dr. Crowley, and in commenting on the evidence at that time.

This matter arose by appellant's question as follows: "Let's take a hypothetical situation where one is a true psychotic. He doesn't periodically seek out a psychiatrist does he?"

The court: "Let's not go into this. There is no testimony he (appellant) is a psychotic." He further said you can ask any question predicated on the findings of Dr. Crowley.

Appellant objected to the court's comment because it was on the weight of the evidence. Then the court instructed the jury not to consider his remarks for any purpose.

At this time there was no evidence authorizing a hypothetical question pertaining to a true psychotic. The only objection reserved was to the comment of the court. In view of the court's instructions to the jury not to consider his remarks for any purpose no error is presented.

The judgment of October 3 finding the appellant sane was admitted in evidence over objections that inadmissible evidence

had been introduced on that sanity trial and that the judgment was not final. The objections are without merit. Pena v. State, 167 Tex. Cr. R. 406, 320 S.W. 2d 355.

The complaint of the action of the trial court in refusing to permit appellant to testify that he had been honorably discharged from the military service cannot be sustained because there is no evidence showing that the discharge was material to any issue in the case. Gray v. State, 150 Tex. Cr. R. 397, 201 S.W. 2d 820; Chapman v. State, 155 Tex. Cr. R. 246, 233 S.W. 2d 855. Further, this being a conviction for robbery the suspension of the sentence was not applicable, and there being no attack on the general reputation of the appellant for truth and veracity, he was not entitled to testify as to such reputation. 1 Branch 2d 232, Sec. 206; 1 McCormick & Ray, Sec. 1492.

The claim that the trial court erred in refusing to include within the submission of the defense of insanity an issue as to whether the appellant was at the time in question suffering from amnesia is controlled by the test applied in Freeman v. State, 166 Tex. Cr. R. 626, 317 S.W. 2d 726. See also Parsons v. State, 160 Tex. Cr. R. 387, 271 S.W. 2d 643. No error is presented.

The evidence is sufficient to support the conviction and no error appearing, the judgment is affirmed.

Opinion approved by the Court.