Jimmie LUCAS, Appellant,

v.

The STATE of Texas, Appellee.

No. 36700.

Court of Criminal Appeals of Texas.

April 1, 1964.

As Amended May 6, 1964.

Rehearing Denied May 6, 1964.

Jack K. Pedigo, Jack P. Kelso, Corpus Christi, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

The conviction is for the unlawful sale of marihuana; the punishment, five years in the penitentiary.

At the beginning of the trial, appellant presented a motion to the court in which he stated that he did not intend to put his character as a peaceable law-abiding citizen in issue and requested the court to instruct the district attorney not to interrogate him in any manner concerning two previous arrests in San Patricio and Nueces Counties for alleged violations of the Texas Uniform Narcotic Drug Act. It was alleged in the motion that the appellant had never been convicted for the possession or sale of marihuana or any other narcotic drug and that it would be highly prejudicial, inflammatory, and a deprivation of his rights to a fair trial to permit the prosecution to question or allude to or imply in any way in the presence of the jury that he may have been previously indicted for violation of the Texas Uniform Narcotic Drug Act.

Such motion was by the court granted.

Upon the trial, appellant did not take the witness stand in his own behalf but called certain witnesses who testified that his reputation for truth and veracity was good.

This testimony, although not relevant to any issue in the case, was permitted by the court, no objection having been made by the state.

Lonnie Mitchell, a witness called by appellant, testified on his direct examination, in part as follows:

["Q Now, are you acquainted with his reputation in the community where he lives for truth and veracity?] A Well, to the best of my knowledge, sir, lawyer, I am, sir.

["Q All right.] A That's all I can answer, to the best of my knowledge.

["Q All right. By 'veracity,' I mean the habit of telling the truth.] A Well, yes, sir. I've always known him to tell the truth, sir.

["Q All right. What is his reputation for truth and veracity?] A Well, his reputation with me is good for telling the truth, sir.

["Q All right.] A Yes, sir. That's all I can answer.

["Q Is his reputation in the community good?] A Well, I'm quite sure it is. He's got an awful good credit rating there, and if he was dishonest, I don't guess he would have a good credit rating.

["Q All right.] A Yes, sir."

On his cross-examination by the district attorney the witness was asked, among other questions, the following:

"Q Have you heard that as far back as May the 18th of 1929 he was arrested in San Antonio, Texas, and charged with four cases of burglary and theft? A No sir, I have not—heard that, sir."

\*　　\*　　\*　　\*　　\*　　\*

"Q  Hadn't you heard when you so testified as to his being honest, on January 21st of 1936 in Corpus Christi for the possession of marihuana?"

The court permitted the first question and answer over certain general objections by appellant but sustained his objection to the latter question, with the following ruling:

"THE COURT: Yes, sir. I instruct the jury to disregard that.    That's highly improper.

["MR. PEDIGO: We move for a mistrial, Your Honor.  I don't think the instruction is sufficient.]

"THE COURT: Well, I'll overrule that.  The jury is instructed to disregard that entirely.  That's improper.  I ought to hold Mr. Flinn in contempt, but I'm not going to at this time.  You know better than that; don't do it again.  Let's proceed."

While we need not pass upon the propriety of the court's ruling on the first question and answer, in view of appellant's general objection thereto we conclude that the latter question propounded to the witness by state's counsel calls for a reversal of the conviction.

The question implied that appellant had been previously charged with possession of marihuana in Corpus Christi in 1936, and was in violation of the court's ruling made at the beginning of the trial.

The inquiry, as so framed, when read in connection with the other questions propounded to the witness, in effect asserted as a fact that appellant had unlawfully possessed marihuana in Corpus Christi and was, for such reason also, improper.  McNaulty v. State, 138 Tex.Cr.R. 317, 135 S.W.2d 987; Pitcock v. State, 168 Tex.Cr.R. 204, 324 S.W.2d 855.

The question propounded, referring to an extraneous offense, was clearly improper and prejudicial to the appellant, and we are unable to say that its harmful effect upon the jury was removed by the court's instruction.  Under the record, the court should have granted a mistrial.

Upon another trial, evidence as to the reputation of the appellant for truth and veracity should not be admitted unless he testifies as a witness and the issue as to his truth and veracity is raised.  See: Garrard v. State, Tex.Cr.App., 128 S.W.2d 33; Wadley v. State, 165 Tex.Cr.R. 273, 306 S.W.2d 373.

For the error pointed out, the judgment is reversed and the cause is remanded.

Opinion approved by the court.