Robert Earl BEASLEY, Appellant,

v.

The STATE of Texas, Appellee.

No. 41250.

Court of Criminal Appeals of Texas.

May 8, 1968.

**318**

Donald D. Koons, Dallas, for appellant.

Henry Wade, Dist. Atty., Alvin Walvoord, Jr., John H. Stauffer, Malcolm Dade and Kerry P. FitzGerald, Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

DICE, Judge.

The offense is robbery; the punishment, twenty-one years.

It was shown by the state's testimony that, on the date alleged, the injured party, who was a cab driver, took three women to an apartment in the city of Dallas. As he was leaving the apartment, he was assaulted and robbed of approximately $82 by a man. The robbery was committed around 5:30 p. m. At approximately 9 p. m. on the same day, appellant was arrested a block away from the scene of the robbery while engaged in a fight with one of the women who had been taken to the apartment. Following his arrest appellant was taken to jail, where he was positively identified by the injured party in a police lineup as the person who had robbed him.

In his first ground of error, appellant insists that the court erred in limiting his examination of the arresting officer in an effort to show the nature and extent of his injuries received in the fight with the woman.

The record reflects that the trial judge failed to see any relevancy to the proffered testimony and, upon sustaining the state's objection, stated to appellant's counsel:

"* * * I will let you lay a predicate and let you go into it, but I think you should show the relevancy between that [the injuries] and the allegations contained in the Indictment."

The jury was excused and appellant offered no showing of relevancy. We perceive no error.

Appellant was permitted to show that he was injured in the fight with the woman. She did not testify as a witness in the case. The nature and extent of his injuries were not relevant to any issue in the case. The ground of error is overruled.

In his second ground of error, appellant insists that the trial court erred in permitting a witness to bolster the testimony of a state's witness with reference to appellant's identification at the lineup.

The record reflects that the injured party, Milton Bryson, testified on direct examination that at the lineup he identified appellant as the robber, who he thought "was second from the front." Appellant was also identified at the lineup by the state's witness Jo Barton.

Appellant called as a witness Lt. Archer, who conducted the lineup, and elicited testimony from him to the effect that appellant was in position number four in the lineup and not position number two. On cross-examination of the officer by state's counsel, the following transpired:

"Q  Uh-huh, the *D*efendant here, is he the one that was selected from the showup?  A  Yes, sir, he was.

"MR. KOONS: We'll object to that.

"THE COURT: Sustain it.

"MR.  KOONS:  Bolstering,  Your Honor, and move for a mistrial.

"THE COURT: Sustain it; disregard it, Lady and Gentlemen.  Consider it for no purpose.  Overrule your *Motion for a* mistrial."

■  If there was any error in the officer's testimony, such was cured by the court's action in sustaining the objection and instructing the jury not to consider it for any purpose.  However, we agree with the state that the testimony was admissible in view of appellant's attempted impeachment of the injured party's testimony relative to his identification of appellant at the lineup.  Such fact distinguishes the case from Lyons v. State, Tex. Cr.App., 388 S.W.2d 950, where testimony was admitted which bolstered the unimpeached testimony of a witness that she had identified the accused at a lineup. Thurman v. State, 162 Tex.Cr.R. 477, 286

S.W.2d 941, and Wadley v. State, 165 Tex.Cr.R. 273, 306 S.W.2d 373, cited by appellant, are not here applicable, because in those cases the state was permitted to bolster the credibility of its witnesses by showing their good reputation, which had not been attacked.  The ground of error is overruled.

In his third and last ground of error, appellant insists that the court erred in prohibiting him from inquiring into the reputation of the state's witness Jo Barton and that thereafter the prosecutor was allowed to argue to the jury that the morality of the witness had not been attacked.

■  After the court sustained the state's objection to the inquiry, no showing was made by appellant as to what the answer of the witness would have been.  In the absence of such showing, the court's action presents nothing for review.  East v. State, Tex.Cr.App., 420 S.W.2d 414.  Appellant's objection to the argument implying that the witness Jo Barton's morality had not been attacked was by the court sustained, and no request was made by appellant for an instruction to disregard or for a mistrial.

Later in the argument, counsel for the state—in discussing the testimony of the witnesses in the case, including the injured party and the appellant—posed the question if there was any evidence in the case about morality "of either one of those people," and appellant's objection to the argument was overruled.  From such argument it is not clear that counsel was referring to the witness Jo Barton, as may be inferred from the remark made by appellant's counsel when, in noting his exception to the court's ruling, he stated: " * * * Your Honor, he's talking, I think, about the girls again."

We perceive no error.  The ground of error is overruled.

This case was tried before the late A. D. Jim Bowie.  The record reflects his ability and fairness as a judge.  Although his

tenure was cut short by an untimely death, he will long be remembered by the bench and bar as one of the outstanding attorneys and trial judges of this state.

The judgment is affirmed.