Richard **WALLACE**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 46449.

Court of Criminal Appeals of Texas.

Oct. 3, 1973.

Rex Kirby, Tyler, for appellant.

Curtis Owen, Dist. Atty., and Tom Tatum, Asst. Dist. Atty., Tyler, Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

GREEN, Commissioner.

Appellant, Richard Wallace, was convicted in a jury trial of unlawful sale of a narcotic drug, to-wit, marihuana. His punishment was assessed at ten years.

In his first ground of error, appellant contends that the evidence is insufficient to support the conviction.

Dean Thompson, a narcotic agent with the Texas Department of Public Safety, testified that he worked as an undercover agent of the Department in Tyler from about August 1, 1970 to about November 1, 1970. During that time he became acquainted with appellant, and saw him on numerous occasions. Thompson testified that on October 13, 1970, appellant sold to him 27.94 grams of marihuana, sufficient to make about 55 to 60 average size cigarettes, in two baggies, for $24.00, and four pills of "acid" for $10.00. Chain of custody was duly proved, and George E. Brown, a chemist and toxicologist, testified that the contents of the two baggies was marihuana, and the substance was admitted in evidence without objection.

Appellant testified, denying that he had sold any marihuana or other narcotic drug to Thompson. He stated that he had never seen Thompson until months later, when the agent was a witness in court in another trial. Appellant testified to an alibi, and was supported in such testimony by other witnesses. The issue of alibi was submitted to the jury in the court's charge.

It is appellant's primary contention under this ground of error that Thompson's own admissions established that he had no independent recollection of the facts, and that his testimony was based on a report prepared from his notes made two days after the offense.

Even though the witness referred to his notes on several occasions,[1] and was unable to recall, at times, minute details concerning such things as the way appellant was dressed, the exact time of day that some events occurred, the names of other people in the vicinity when the sale occurred, whether appellant wore his arm in a sling (he had two days previously been in a car accident), and some other matters, the fact remains that the witness testified positively and without hesitation and apparently without reference to his notes that appellant sold him marihuana in Tyler, Smith County, on October 13, 1970. The evidence is sufficient to support the conviction.

In his second ground, appellant contends that the court erred in permitting the State at the guilt stage of the trial to inquire of the character witness Haws if he had heard that *subsequent* to the date of the primary offense the "defendant was found in a drug raid with a needle in his arm."

The third ground alleges error when the trial court permitted the State to cross-examine the character witness Haws with regard to specific misconduct of appellant.

Haws testified at the guilt stage of the trial that in his opinion the general reputation of appellant in the community in which he lived as being a peaceable, law-abiding citizen "is good." On cross-examination, he was asked if he had heard that subsequent to the instant offense appellant was found in a drug raid with a needle in

1. The notes were, at appellant's request, handed to his attorney at the trial, and were available to him for use in cross-examination. No objection was raised by appellant as to the use of his notes by the witness.

his arm. Haws answered, "No, sir." Appellant's objection that this was a bad faith attempt to discredit the witness on a matter that does not constitute proper cross-examination of a character witness was overruled.

■ Appellant's complaint under his second ground is that the State was permitted to ask a "have you heard" question at the *guilt* stage of the trial concerning a matter occurring after the commission of the primary offense. Appellant agrees that at the punishment phase the reputation of the accused down to the time of the trial is in issue. Art. 37.07, Vernon's Ann.C.C.P.; Broadway v. State, Tex.Cr. App., 418 S.W.2d 679; Wilson v. State, Tex.Cr.App., 434 S.W.2d 873; Frison v. State, Tex.Cr.App., 473 S.W.2d 479; Wright v. State, Tex.Cr.App., 491 S.W.2d 936. In support of his contention as to prejudicial error in the asking of the question as to an incident occurring after the primary offense, appellant cites Kitchens v. State, 111 Tex.Cr.R. 45, 10 S.W.2d 999; Hennington v. State, 141 Tex.Cr.R. 449, 149 S.W.2d 587; 62 Tex.Jur.2d, Witnesses, Sec. 197, p. 119.

It is not necessary that we rule on the legal issue of whether present reputation was in issue at the guilt stage.

Since the witness answered that he had not heard of any such incident as inquired about, appellant's only complaint here made is that the mere asking of the question constituted harmful, reversible error. However, as stated by this Court in Sensabaugh v. State, Tex.Cr.App., 426 S.W.2d 224, p. 227:

"The Court of Criminal Appeals rarely reverses a conviction of crime solely because an improper question was propounded to the defendant as a witness. To cause a reversal the question must be obviously harmful to the defendant. See Mounts v. State, 148 Tex.Cr.R. 177, 185 S.W.2d 731."

■ This statement would also apply to a question propounded to a character witness. There is nothing in the record to show bad faith on the part of the State in making the inquiry. See Blanco v. State, Tex.Cr.App., 471 S.W.2d 70. If the question complained of was improper, which we do not decide, we cannot conclude that the mere asking it was so harmful to appellant as to require a reversal.

■ Furthermore, appellant did not state that he was objecting because the matter inquired about occurred subsequent to the primary offense. His objection was too general to call this to the attention of the trial court. Appellant cannot for the first time raise this contention on appeal. Wright v. State, supra.

■ Appellant also complains that the question asked the witness Haws mentioned above was improper, since it was with regard to specific misconduct of appellant. The rule is well established that a character witness may be asked in good faith "have you heard" questions concerning specific acts of misconduct in order to test the knowledge and credibility of the witness and to enable the jury to weigh his testimony. Brown v. State, Tex.Cr.App., 477 S.W.2d 617, and cases cited; Childs v. State, Tex.Cr.App., 491 S.W.2d 907. Of course, a question is improper if it asks whether the character witness knows that a certain act was committed by accused, for that implies that the specific act was committed. Brown, supra.

The question asked the witness Haws by the State was not so phrased that it inquired whether the witness knew that appellant was guilty of specific misconduct. The prosecutor's inquiry was prefaced with "have you heard" which did not imply that the act had been committed.

Appellant's second and third grounds of error are overruled.

■ In his fourth ground, appellant claims error in the court's refusing to per-

mit him to introduce before the jury his general reputation for truth and veracity.

After appellant had testified at the guilt phase, denying having committed the offense and raising the issue of alibi, he sought to place witness Haws on the stand to testify that he was familiar with appellant's general reputation for truth and veracity in the community where he lived, and that such reputation was good. The State objected on the ground that such reputation was not in issue. The court sustained the objection. The appellant thereupon offered seven other witnesses for the same purpose, and the State's objections were sustained.

In Matthews v. State, 80 Tex.Cr.R. 177, 189 S.W. 491, this Court, in sustaining the trial court's refusal to permit defendant to prove by two witnesses his good reputation for truth and veracity, said:

"The rule is well established that, if the state had attacked his general reputation for truth and veracity by any witness, or had attempted to impeach him by proving contradictory statements, then he would have been permitted to have introduced such proof; but, until such contingency arises, the fact that he gives testimony disputing that offered by the state would make no such testimony admissible." See also Jones v. State, 159 Tex. Cr.R. 18, 261 S.W.2d 324; Wadley v. State, 165 Tex.Cr.R. 273, 306 S.W.2d 373; Frey v. State, 171 Tex.Cr.R. 100, 345 S. W.2d 416; Logan v. State, Tex.Cr.App., 455 S.W.2d 267. Cf. Rodriguez v. State, 165 Tex.Cr.R. 179, 305 S.W.2d 350.

The State had not impeached appellant by proving contradictory statements, or attacked his general reputation for truth and veracity. The fact that appellant gave testimony disputing that offered by the State would not put his general reputation in issue. No error is shown in the ruling of the trial court.

■ Appellant next contends harmful error of the State in asking appellant at the punishment stage concerning his knowledge of the number of probationers as compared to the number of probation officers in Smith County.

Appellant filed for a probationary sentence in the event of his conviction. On cross-examination of appellant at the punishment stage of the trial, the following colloquy occurred:

"Q Would you tell the Jury whether or not Mr. Kirby told you that there were in excess of five hundred probationers here in Smith County, and there are only two probation supervision officers to look after them?

"MR. KIRBY: Your Honor, we object to this as being wholly immaterial in this case and highly prejudicial to the rights of this Defendant.

"THE COURT: I sustain the objection.

"MR. KIRBY: And we further move that the Jury be instructed to disregard this question by Mr. Crow.

"THE COURT: You will not regard, Ladies and Gentlemen, the question as asked by the attorney. Go ahead.

"MR. KIRBY: Your Honor, we further move for a mistrial.

"THE COURT: Overruled."

The State acted improperly in asking the question, and the trial court properly sustained the objection and instructed the jury to disregard the question. See Alejandro v. State, Tex.Cr.App., 493 S.W.2d 230.

However, after a careful examination of the record, we conclude that the mere asking of the question was not so harmful to the appellant as to call for reversal, particularly in light of the court's rulings and instructions to the jury to disregard. Sensabaugh v. State, Tex.Cr.App., 426 S.W.2d 224; Hopkins v. State, Tex.Cr.App., 480 S.W.2d 212.

The fifth ground of error is overruled.

In his sixth and last ground of error, appellant contends that the classification by the State Legislature of marihuana as a narcotic drug is an unconstitutional deprivation of due process and equal protection of the law. The contention is without merit, as this Court has held in a number of cases. Archer v. State, Tex.Cr.App., 474 S.W.2d 484; Cook v. State, Tex.Cr. App., 467 S.W.2d 421; Broom v. State, Tex.Cr.App., 463 S.W.2d 220; Miller v. State, Tex.Cr.App., 458 S.W.2d 680; Reyna v. State, Tex.Cr.App., 434 S.W.2d 362. The ground of error is overruled.

The judgment is affirmed.

Opinion approved by the Court.

ODOM, J., concurs in result.