Baltazan Solis v. The State.

No. 3390. Decided February 17, 1915.

**1.—Assault to Murder—Statement of Fact—Bills of Exception.**

Where it was shown that it was not due to the negligence of appellant that his bills of exception and statement of fact were not filed in time, the same will be considered on appeal.

**2.—Same—Aggravated Assault—Charge of Court—Adequate Cause.**

Where, upon trial of assault to murder, the evidence showed that the party injured inflicted a blow upon defendant which caused pain, this was statutory adequate cause, and the court should have so instructed the jury in his charge limiting defendant's right of self-defense in the event there

was no intention to kill. Following Halsford v. State, 53 Texas Crim. Rep., 42, and other cases.

#### 3.—Same—Provoking Difficulty—Rule Stated.

If one provokes the difficulty or produces the occasion in order to have a pretext for killing, or with intent of killing his adversary or doing him great bodily harm, the killing would be murder, no matter to what extremity he may have been reduced in the combat.

#### 4.—Same—Rule Stated—Intent to Kill.

If the defendant provoked the difficulty with no intent to kill or inflict serious bodily injury and thereby brought about the necessity of killing the deceased to save his own life or prevent serious bodily injury being inflicted on him by deceased, it would not be murder, but manslaughter.

#### 5.—Same—Evidence—General Reputation.

Where defendant had not attacked the reputation of the prosecuting witness, it was error to permit the State to introduce evidence that the reputation of said witness as a peaceable law-abiding citizen was good. Following Graves v. State, 14 Texas Crim. App., 113, and other cases.

#### 6.—Same—Simple Assault—Charge of Court.

Where, upon trial of assault to murder, the evidence did not raise the issue of simple assault, there was no error in the court's failure to charge thereon.

Appeal from the District Court of Aransas. Tried below before the Hon. F. G. Chambliss.

Appeal from a conviction of assault to murder; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*E. Gordon Gibson,* for appellant.—On question of reputation of prosecuting witness: Moore v. State, 46 Texas Crim. Rep., 54, and cases cited in opinion.

On question of simple assault: Hudson v. State, 40 Texas, 12.

*C. E. Lane,* Assistant Attorney General, for the State.

HARPER, JUDGE.—Appellant was convicted of assault to murder and his punishment was assessed by the jury at two years confinement in the State penitentiary.

The Assistant Attorney General makes a motion to strike out the statement of facts and bills of exception accompanying the record. As they were not filed within the time permitted under the law, the motion must be sustained. And without a statement of facts and bills of exception there is no ground in the motion for new trial we can review.

The judgment is affirmed.

*Affirmed.*

#### ON REHEARING.

#### February 17, 1915.

HARPER, JUDGE.—In this case, at a former day of this term, we struck out the statement of facts and bills of exception, as they had

been filed after the time permitted by law. At that time appellant gave no reason explaining the delay. However, attached to the motion for rehearing are affidavits showing that it was no negligence of appellant that the bills of exception and statement of facts were not filed in time to authorize their consideration, and under such circumstances we are of the opinion he is entitled to have the entire record considered or reviewed because he was deprived of statement of facts and bills of exception without fault or negligence on his part. If we consider the record it discloses that Luciano Gartica was badly cut at a dance. Gartica was standing outside, and he says appellant came out and applied to him very opprobrious epithets, when he knocked appellant down. That appellant and his brother then both attacked him, and in the fight he was very seriously cut. If appellant did apply to Gartica the opprobrious epithets with intention to provoke a difficulty, intending to kill him, he would be guilty of assault to murder. But he says, and the testimony introduced in his behalf would tend to show, that he applied to the prosecuting witness no epithets; that he did not know he was outside, but that he, appellant, was drunk, and when he came out of the room where they were dancing, he hollored, but he did not use the words "Chinga La Madre"; that when he hollored Gartica knocked him down; that he got up and the prosecuting witness knocked him down again and got on him, when he called his brother. That he, appellant, did not cut the prosecuting witness.

If appellant hollored, intending thereby to bring on trouble between himself and the prosecuting witness, and was knocked down by Gartica, and appellant and his brother, while acting together, cut the prosecuting witness, he, at the time he hollored, having no intention to kill the prosecuting witness, he would be guilty of no graver offense than aggravated assault. If he in fact had no knife or other weapon, as he swears, and there is no testimony that he did have, yet by his conduct was the provoking cause of the difficulty, it would seem to indicate that he had no intention to kill, and if at that time he had no such intention, yet, after being knocked down twice, if he then formed the intention, and his mind was rendered incapable of cool reflection by the blows, and he called his brother, and the wounds were then inflicted, he would only be guilty of aggravated assault.

The court submitted aggravated assault generally, "if from any cause his mind was influenced, etc." Appellant objected to the charge as given and asked a special charge instructing the jury that a blow causing pain would be adequate cause. The statute so provides, and the court in his charge limiting his right of self-defense in case he provoked the difficulty, should have instructed the jury that if they found he provoked the difficulty, but had no intention to kill and he was assaulted by the prosecuting witness and driven to the necessity of cutting as a matter of self-preservation, he would be guilty of no higher grade of offense than aggravated assault, if the blows and assault caused such pain as to produce anger, rage or fear to the extent that it rendered his

mind incapable of cool reflection. Halsford v. State, 53 Texas Crim. Rep., 42; Honeycutt v. State, 42 Texas Crim. Rep., 129; Young v. State, 41 Texas Crim. Rep., 442; Jones v. State, 17 Texas Crim. App., 602, and cases cited in Branch's Crim. Law, sec. 464. In this section Mr. Branch correctly states the prevailing rule: (1) "If one provoked the difficulty or produced the occasion in order to have a pretext for killing, or with the intent of killing his adversary or doing him great bodily harm, the killing would be murder, no matter to what extremity he may have been reduced in the combat." The State's evidence would make this that character of case, but the defendant's evidence would present a different theory, and Mr. Branch correctly states, (2): "If defendant provoked the difficulty with no intent to kill, or to inflict serious bodily injury and thereby brought about the necessity of killing the deceased to save his own life or prevent serious bodily injury being inflicted on him by deceased, it would not be murder but manslaughter."

The court should have correctly applied these principles of law, with instructions that a blow causing pain would be adequate cause to reduce the offense to manslaughter, if deceased provoked the difficulty with no intent to kill.

The court also permitted the State to introduce evidence that the reputation of the prosecuting witness as a peaceable, law-abiding citizen was good. Appellant had not attacked the reputation of the prosecuting witness, and appellant's objection to this testimony ought to have been sustained. Graves v. State, 14 Texas Crim. App., 113; Keith v. State, 50 Texas Crim. Rep., 63; Miers v. State, 34 Texas Crim. Rep., 161.

The evidence does not raise the issue of simple assault, and the court did not err in refusing such instructions. The evidence shows beyond doubt that serious bodily injury was inflicted on the prosecuting witness.

There are other questions raised, but we are of the opinion none of them present error, but on account of above errors, the judgment of affirmance is set aside, a rehearing is granted, and the case is now reversed and the cause remanded.

*Reversed and remanded.*