## A. L. JUPE v. THE STATE.

### No. 5598.   Decided January 28, 1920.

**1.—Assault to Murder—Charge of Court—Self-Defense—Simple Assault.**

Where, upon trial of assault to murder, the evidence raised the issues of assault to murder, aggravated assault, simple assault, and self-defense, and the court's charge limited defendant's right of self-defense to the question of danger of death or serious bodily harm to the higher grades of assault and failed to apply self-defense to the question of simple assault, the same was reversible error.

**2.—Same—Rule Stated—Self-Defense.**

The right of self-defense does not depend upon the fact that the life of the accused was in danger or his body in danger of serious bodily injury under all circumstances; this right is broader and applies as well where the case is not one where the life of the accused is in danger or his body of serious harm.

**3.—Same—Character of Prosecutor—Rule Stated.**

Where the character of the prosecutor had not been raised by the defendant, and the State was permitted to introduce evidence as to the good character of the prosecutor for peace and quietude which was afterwards withdrawn by the court, but later sought again to be injected by the State's attorney, the same was reversible error.   Following: Solis v. State, 76 Crim. Rep., 230, and other cases.

**4.—Same—Argument of Counsel—Practice on Appeal.**

While the argument of State's counsel need not be discussed as it would probably not occur upon another trial, yet the remarks of State's counsel denouncing defendant as a cowardly cur should not have been permitted, and similar argument has many times been condemned by this court.

**5.—Same—Witness—Husband and Wife—Witness Under Rule.**

The wife of the defendant when a witness for him should have been placed under the rule if defendant desired her to testify in the case; the rule having been invoked.

Appeal from the District Court of Falls.   Tried below before the Hon. Prentice Oltorf, judge.

Appeal from a conviction of assault with intent to murder; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Spivey, Bartlett & Carter, Ben. H. Rice, Jr.,* and *Llewellyn & Kitching,* for appellant.—On question of reputation of prosecutor: Solis v. State, 76 Texas Crim. Rep., 230, 174 S. W. Rep., 343, and cases cited in the opinion.

On question of conduct of county attorney in introducing inadmissible testimony: Bullington v. State, 78 Texas Crim. Rep.. 187, and cases cited in the opinion.

On question of testimony of wife: Clayton v. State, 98 Texas Crim. Rep., 158, 180 S. W. Rep., 1089; Hernandez v. State, 78. Texas Crim. Rep., 604, 183 S. W. Rep., 440.

On question of argument of counsel: Thurman v. State, 211 S. W. Rep., 785; Davis v. State, 64 Texas Crim. Rep., 8, 141 S. W, Rep., 264.

On question of court's charge on self-defense: Crawford v, State, 70 S. W. Rep., 548; Collins v. State, 81 id., 300; Price v. 79 id., 540.

*Alvin M. Owsley*, Assistant Attorney General, for the State.—On question of withdrawal of testimony. Latham v. State, 172 S. W. Rep., 797; Harris v. State, 76 Texas Crim. Rep., 301, 174 S. W. Rep., 354.

On question of defendant's wife as a witness: Baldwin v. State, 45 S. W. Rep., 714; Thomas v. State, 28 id.; 534.

On question of argument of counsel; Thomas v. State, 204 S. W. Rep., 999; Borders v. State, 72 Texas Crim. Rep., 135, 161 S. W. Rep., 483; Harris v. State, 74 Texas Crim. Rep., 652, 169 S. W. Rep., 657; Hart v. State, 121 S. W. Rep., 508.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of assault to murder and allotted two years in the penitentiary.

The issues in the case are presented in the form of assault to murder, aggravated assault, simple assault, and self-defense. The court limited appellant's right of self-defense to the question of danger of death or serious bodily harm as applied to the question of simple assault. We think this was error. The right of self-defense does not depend upon whether the life of the accused was in danger or his body of serious bodily injury under all circumstances. The right of self-defense is broader, and it applies as well where the case is not one where the life of the accused is in danger or his body of serious harm. If the facts only suggested that, self-defense may be urged as against an attack on him with a deadly weapon, or one that might produce death or serious bodily harm, but where that is not the case that issue is not involved. The right of self-defense is ar broad as the facts that are introduced in evidence, and the charge of the court should meet this as the facts present it and not carve out a particular phase to the exclusion of one more favorable. If the evidence for the State should include facts from which the jury might convict for homicide or assault to murder, the court may be justified in limiting self-defense if the attack made on the defendant, either real or apparent,

was by a weapon of some character which might bring about his death or serious bodily harm to him; but if this issue was of a less gravity, then self-defense should not be so limited. In other words, self-defense should meet the case as made by the facts. The right of imperfect self-defense may also arise—often has arisen as manifested by the reports of the adjudicated cases; and where this is the case a proper charge should be given the jury informing what the rights of the defendant would be, under the issue of imperfect self-defense. That issue was in this case. The facts were in conflict as to who began the difficulty. The State's theory was that the defendant was the attacking party, and, without justification, used a pocket-knife with which he inflicted wounds more or less serious. Appellant's theory was that the prosecuting witness made an attack upon him with a pocket-knife. They were both pretty badly stabbed or cut. Appellant had qute a serious wound in his left breast, and the shirt sleeve on his left arm was cut in several places. The facts may have suggested, and it is contended they did, that appellant used excessive force when he was not really in further danger from the prosecuting witness. There is evidence to the effect that during the fight the prosecutor fell and while upon the ground, or as he was getting up, appellant stabbed him near the hip joint. If he had been in the right up to this point, and was acting in self-defense, this may have been the use of unnecessary force. Upon another trial the issue of self-defense should not be limited as was done in the charge as above indicated.

Another question is urged. The State introduced evidence in its direct examination of the witness Fields as to the good character for peace and quietude of the prosecutor. This question had not been raised by defendant, but was introduced by the State in its original examination of the witness. When objection was urged the county attorney suggested he could secure authorities. The defendant was notified by the court that he could cross-examine this witness upon these questions, and when his objection was overruled he proceeded to cross-examine this witness with reference to matters indicating that the prosecutor had had previous difficulties. At this point the court concluded that he was in error in admitting the testimony of good reputation of the prosecutor and withdrew it from the consideration of the jury. This formed a bill of exceptions. Another bill recites that, although this occurred, the county attorney later sought to prove by a defendant's witness on cross-examination the good character and reputation for peace and quietude of the prosecutor. This forced appellant to urge exception, which was sustained. These bills should be considered together. The good reputation of the prosecutor is not admissible in evidence as an original proposition as was sought to be introduced in this case. Solis v. State, 76 Texas Crim. Rep., 230; Graves v. State, 14 Texas Crim. App., 113; Keith v. State, 50 Texas Crim.

Rep., 63; Miers v. State, 34 Texas Crim. Rep., 163; Wakefield v. State, 50 Texas Crim. Rep., 124; Gregory v. State, 50 Texas Crim. Rep., 73; McCandles v. State, 42 Texas Crim. Rep., 58. There are quite a number of other cases. When the court had excluded the testimony, the matter should have rested, but the prosecution, over the ruling of the court, again sought on cross-examination of witnesses to introduce the same matter. This forced an objection from appellant. Under such circumstances we believe this matter is of such a nature as requires a reversal. Wherever the court has ruled, he should not permit counsel to override his rulings in the manner in which it was done. Vick v. State, 71 Texas Crim. Rep., 59; Bullington v. State, 78 Texas Crim. Rep., 187; Faulkner v. State, 80 Texas Crim. Rep., 341, 189 S. W. Rep., 1077; Grimes v. State, 64 Texas Crim. Rep., 64.

The county attorney in his argument denounced the appellant in pretty severe terms as being "a cowardly cur." Such remarks should not be indulged. It is unnecessary to discuss this matter as it should not occur upon another trial. This character of argument has been condemned by this court in a great number of decisions. They should not only not be indulged, but they are not permissible, and can serve no legitimate purpose except to jeopardize the State's case on appeal where a conviction is obtained. Comments by counsel should be confined to the record and legitimate deductions from the testimony.

There is a question arising out of the refusal of the court to permit appellant's wife to testify as to the knife cuts on appellant's shirt sleeve. It seems appellant was under the impression this would not be a mooted question in the case, and his wife was not placed under the rule, but when the question came he offered her testimony and the court would not permit her to take the witness stand, because she had been sitting in the courtroom. This will not occur upon another trial, and if appellant wishes to use his wife as a witness he will observe the rules of the court with reference to placing witnesses under the rule. This was legitimate testimony.

For the reasons indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*