LAUNA THURMAN V. STATE

No. 28,018. February 8, 1956.

No attorney for appellant of record on appeal.

*Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge.

The conviction is for the unlawful sale of whiskey in a dry area; the punishment, a fine of $500.

The state insists that this appeal should be dismissed on the ground that the trial court was without authority to consider the amended motion for a new trial after the expiration of twenty days from the time it was filed.

Appellant's amended motion was timely filed June 17. The term of court expired June 30, and a new term began July 1, therefore, the amended motion was pending for disposition at the July Term. Art. 755, Vernon's Ann. C.C.P. The overruling of the amended motion at the July Term, whether by operation of law at the expiration of the twenty days fixed by the statute or by the order entered August 13, gave appellant the right to give notice of appeal at any time during such term. Hunt v. State, 160 Tex. Cr. Rep. 115, 269 S. W. 2d 385, We need not therefore determine the effect of the court's failure to act upon the amended motion for new trial within twenty days after its filing. The state's motion to dismiss the appeal is overruled.

In view of the disposition hereof a summary of the evidence will be omitted.

The state used three witnesses in presenting its case in chief. Two of said witnesses were inspectors for the Texas Liquor Control Board who testified as to the sale of the whiskey herein charged. By the state's third witness, a deputy supervisor for the Texas Liquor Control Board, the state introduced testimony on direct examination that the reputation of the two inspectors for truth and veracity was good. Appellant did not attack at any time the reputation of the two prosecuting witnesses, and objected to this testimony on the ground that the witnesess' reputation had not been attacked and that such testimony bolstered the credibility of said witnesses. This testimony was not admissible, and the objection should have been sustained. Jones v. State, 52 Tex. Cr. R. 206, 106 S. W. 126; Solis v. State, 76 Tex. Cr. R. 230, 174 S. W. 343; Jupe v. State, 86 Tex. Cr. R. 573, 217 S. W. 1041; Tweedle v. State, 153 Tex. Cr. Rep. 200, 218 S. W. 2d 846; Branch's Ann. P. C. 112, Sec. 182; and 15 A.L.R. 1065, 1068n.

For the error pointed out, the judgment is reversed and the cause is remanded.

Opinion approved by the court.