## DAYL FLOURNOY V. STATE

No. 34,297.   March 14, 1962
Appellant's Motion for Rehearing Overruled April 25, 1962

*Frank M. Teveni, Theodoro Arevalo* and *Joe Burkett,* San Antonio, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is the unlawful practice of medicine; the punishment, 30 days in jail and a fine of $250.00.

From the record before us, it appears that appellant filed an amended motion for new trial on June 1 and the term of court expired on June 3. The learned trial court took the position that said amended motion was overruled by operation of law upon the ending of the term and refused to grant appellant the right to appeal. In this, he was in error. Thurman v. State, 286 S.W. 2d 941. By writ of habeas corpus, appellant applied to this Court, and we directed the trial court to forward to this Court a transcript and statement of facts in the case, to include the facts regarding notice of appeal. Thereafter, the transcript showing no action on appellant's motion for new trial and no facts regarding notice of appeal, we directed the trial judge to hear and determine said motion for new trial and, if overruled, to allow

appellant to give notice of appeal and set the amount of his appeal bond. Supplemental transcripts are now before us, and the appeal will be considered.

Trial was before the court without the intervention of a jury.

Ben Laney, investigator for the State Board of Medical Examiners, testified that on the day in question as he approached the Houston Building in San Antonio, he saw in each of two windows signs which read "Dr. Dayl J. Flournoy, M.D.," that he then ascended to the second floor where he saw a door bearing a sign "Dayl J. Flournoy, M. D.," that he entered the door and was met by appellant, who asked what he could do for the witness. Laney testified that he told appellant he had not been feeling well, could not eat or sleep properly, and that this condition had lasted three or four weeks. He stated that appellant said, "in a case like that I would rather not give you injections but will give you something else," after which appellant took the witness's blood pressure and later returned with two preparations, one liquid and one in tablet form, with instructions for taking appearing on the labels. The witness testified that he paid appellant the $5.00 he requested for his services, received a receipt therefor, and was told to return in three days.

Jerry Mazzola, deputy district clerk in charge of the medical records, testified that he had searched the same and failed to find any recorded certificate authorizing appellant to practice medicine in Bexar County.

Appellant did not testify or offer any evidence in his own behalf.

Finding the evidence sufficient and no reversible error appearing, the judgment of the trial court is affirmed.