Elizabeth Y. CRAWFORD, Appellant,

v.

The STATE of Texas, Appellee.

No. 58952.

Court of Criminal Appeals of Texas, Panel No. 2.

July 9, 1980.

Rehearing Denied Sept. 17, 1980.

Tom Bankhead, Carthage, for appellant.

William S. Warren, Jr., Dist. Atty., Center, Robert Huttash, State's Atty., Austin, for the State.

Before DOUGLAS, PHILLIPS and W. C. DAVIS, JJ.

## OPINION

PHILLIPS, Judge.

This is an appeal from a conviction for murder. Punishment was assessed at imprisonment for 75 years.

In her fourth ground of error, appellant contends that the trial court erred in denying her motion for a mistrial when the prosecutor elicited hearsay testimony concerning an extraneous offense. Appellant maintains that this testimony was so inflammatory and prejudicial that the trial court's instruction to disregard was insufficient to cure the error. We agree with appellant's contention and reverse.

The indictment alleged that appellant intentionally or knowingly killed her husband by shooting him with a gun. At trial the evidence raised the issues that appellant may have acted either in self–defense or under circumstances constituting voluntary manslaughter. There were no eyewitnesses to the shooting, and the issue of appellant's mental state was closely contested.

On redirect examination of James Crawford, the son of appellant and the deceased, the State elicited hearsay testimony that before the shooting appellant had attempted to poison the deceased:

Q Did you and your father ever have an occasion to discuss an attempt on your mother's part to poison him?

A Yes, sir.

MR. BANKHEAD: Your Honor, that would be hearsay and we would object to it and ask the Court to strike the answer and also to instruct the jury not to consider it for any purpose.

THE COURT: Sustained at this time. You are instructed, Ladies and Gentlemen, that the answer and question is withdrawn from your consideration.

In spite of the trial court's action in sustaining the objection and instructing the jury to disregard, the prosecutor persisted in eliciting improper testimony about the alleged poisoning attempt:

Q Mr. Crawford, can you identify the time and the place that conversation occurred?

A The place was at the home in Beckville, the time, day wise, I cannot.

Defense counsel moved for a mistrial, which was denied. The jury was then excused, and the prosecutor took the witness on voir dire in an attempt to establish that his testimony fell within an exception to the hearsay rule. This voir dire examination showed that the witness's testimony was inadmissible hearsay. The trial court prohibited the witness from further testifying about the alleged poisoning attempt, but overruled defense counsel's renewed motion for a mistrial.

Although it is not completely clear from the initial question and answer that the witness's testimony was hearsay, the record as a whole plainly demonstrates its hearsay nature. The whiskey bottle involved in the alleged poisoning attempt was the subject of appellant's motion to suppress, and at a pretrial hearing on this motion the witness testified about his discussions with the deceased -and his knowledge of a poisoning attempt. It is clear from his testimony that he had no firsthand knowledge of such an attempt and that his testimony concerning the matter was inadmissible hearsay.

■ As a general rule, any error in admitting improper testimony may be cured by the trial court's withdrawal of the evidence and its instruction to the jury to disregard. *Cavender v. State*, 547 S.W.2d 601 (Tex.Cr.App.1977); *Boyde v. State*, 513 S.W.2d 588 (Tex.Cr.App.1974). But in extreme cases where it appears that the evidence is clearly calculated to inflame the minds of the jury and is of such a character as to suggest the impossibility of withdrawing the impression produced on their minds, the error of admission is not cured by the instruction. *Cavender*, supra; *Edmiston v. State*, 520 S.W.2d 386 (Tex.Cr.App.1975); *Boyde*, supra; 1 R. Ray, Texas Evidence § 29 (3d ed. 1980); *see Bray v. State*, 478 S.W.2d 89 (Tex.Cr.App.1972); *Jackson v. State*, 363 S.W.2d 947 (Tex.Cr.App.1963).

■ In the present case the prosecutor's question assumed that appellant actually had attempted to poison the deceased. When appellant's son affirmatively answered the prosecutor's question, the jury was left with a clear impression that such an attempt had occurred. In the circumstances of this case, it cannot be seriously argued that the trial court's instruction to disregard was sufficient to remove this impression from the minds of the jurors. Furthermore, the error in the admission of this evidence was compounded when the prosecutor refused to accept the trial court's ruling, and persisted in eliciting further testimony along the same line. *Sanchez v. State*, 591 S.W.2d 500 (Tex.Cr.App.1979); *DeRamus v. State*, 396 S.W.2d 383 (Tex.Cr.App.1965); *Jupe v. State*, 86 Tex.Cr.R. 573, 217 S.W. 1041 (1920).

After carefully reviewing the entire record, we cannot conclude that the error in admitting this evidence was harmless. The State's case relied primarily on circumstantial evidence. The evidence that appellant committed murder, rather than acting in self-defense or under circumstances constituting voluntary manslaughter, was extremely weak. The testimony of appellant's son that his mother previously attempted to poison the deceased was critical to the State's case, and highly prejudicial to appellant. We hold that the trial court erred in overruling appellant's motion for a mistrial.

■ We pause briefly to discuss the State's contention that appellant "opened the door" by introducing evidence of other conversations between James Crawford and the deceased. None of these other conversations concerned the same subject. *See* Article 38.24, V.A.C.C.P. The State's contention is without merit.

The judgment is reversed and the cause remanded.

W. C. DAVIS, J., concurs in the result.

DOUGLAS, J., dissents.