Robert HOOTEN, Appellant,

v.

The STATE of Texas, State.

No. 2–83–442–CR.

Court of Appeals of Texas,
Fort Worth.

May 8, 1985.

Philips, White, Davidge, Griffin, Shelton, Eames, Wood & Duncan, and M.P. Duncan III, Denton, for appellant.

Jerry Cobb, Dist. Atty., and Fred Marsh, Asst. Dist. Atty., Denton, for appellee.

Before FENDER, C.J., and BURDOCK, J.

## OPINION

FENDER, Chief Justice.

Appellant was convicted of murder by a jury and sentenced by the jury to 50 years in the Texas Department of Corrections. Appellant raises four grounds of error.

We affirm.

The facts in this case are not in dispute. Appellant drove his car to the residence of Bobby Zettler. He got out and approached the residence at which time he shot the victim. Appellant was then wrestled down by Bobby Zettler and by other neighbors.

Appellant pled not guilty and rested without calling any witnesses. At the punishment phase of the trial appellant called ten lay witnesses as well as one expert to testify on his behalf.

In his first three grounds of error, appellant argues that a mistrial should have been granted because the prosecutor asked improper questions of three of appellant's witnesses during the punishment phase of the trial. Appellant complains of the following three questions which were posed during cross-examination of, respectively, appellant's son, his aunt, and a friend and business acquaintance of appellant:

"Have you ever observed any acts or violence by your father prior to this act?"

"Did you hear Bill's [appellant's brother] testimony concerning the acts of violence committed against him by this defendant?"

"[W]ould your opinion about him associating with your grandkids change any if you knew that after he committed this murder that he threatened to kill the entire family?"

After each of these three questions, appellant's counsel objected, and each objection was sustained by the trial court. After the objections to the first and second questions had been sustained, the trial court offered to instruct the jury to disregard the questions, but appellant's counsel refused. Appellant's counsel did ask for a mistrial, but this request was denied by the trial court. After appellant's counsel objected to the third question, the trial court sustained the objection and, on its own initiative, instructed the jury to disregard.

While we agree with appellant that the three questions constituted improper attempts to impeach the three witnesses, we nonetheless, do not believe that the trial court erred in refusing to grant a mistrial. Appellant refused the offers of the trial court to instruct the jury to disregard the first two questions. Since an instruction to disregard will usually cure any error generated by an improper question, the failure to obtain such an instruction normally constitutes a waiver of any error. *See Brooks v. State*, 642 S.W.2d 791, 798 (Tex.Crim.App.1982). Appellant acknowledges this rule, but argues that his motions for a mistrial alone, lodged after the first two questions, were sufficient to preserve error. We disagree. Given the strong curative power of an instruction to disregard, judicial economy demands that a party resort to such a remedy before he be allowed to move for a mistrial.

In the interest of justice, though, we will assume that appellant did properly preserve error. If such had been the case,

appellant would only have been entitled to a mistrial if the improper questions were clearly calculated to inflame the minds of the jurors and were of such a character as to suggest the impossibility of withdrawing the impression produced. *See Crawford v. State,* 603 S.W.2d 874, 876 (Tex.Crim.App. 1980).

Based on this stringent standard, we do not find that any of the three questions generated enough prejudice to warrant a mistrial. Furthermore, the third question, which is perhaps the most damaging to appellant, refers to threats about which there had been testimony at the guilt-innocence phase. Since a jury is entitled to consider during the punishment phase of the trial evidence introduced at the guilt-innocence phase, no reversible error is shown. Appellant's first three grounds of error are overruled.

In his fourth ground of error, appellant contends the trial court erred in permitting the State's rebuttal witness to testify during the punishment phase about threats made by appellant to third persons immediately after he shot the victim. The rebuttal witness stated that she heard appellant threaten, as he was being wrestled down by Bobby Zettler, to kill Bobby and his wife. Appellant argues that this testimony constituted an impermissible attempt on the part of the State to aggravate punishment because it was probative of an extraneous offense, and not of appellant's prior criminal record, his general reputation or his character. *See* TEX.CODE CRIM. PROC.ANN. art. 37.07 sec. 3(a) (Vernon 1981).

We disagree. The threats made by appellant immediately after the shooting were relevant to the issue of punishment because they were part of the res gestae of the offense. In *Hoffert v. State,* 623 S.W.2d 141 (Tex.Crim.App.1981), the defendants pled guilty to delivery of methamphetamines. The issue on appeal was whether it was proper for the prosecutor to introduce, for purposes of the punishment phase alone, evidence that the defendants had been smoking marihuana while they delivered the controlled substance. The Court said:

"The material issue during the punishment phase is, obviously, what punishment to assess; this Court has held that the circumstances surrounding the instant offense [offer to sell marihuana] are therefore material in order for the jury to intelligently perform this function."

*Id.* at 145. Under this principle, the testimony of the State's rebuttal witness was properly admitted.

Appellant attempts to distinguish *Hoffert* from the case at bar on the ground that it involved a situation in which the defendant pled guilty, and not not guilty. Appellant urges that the State is entitled to greater latitude for getting evidence before a jury following a plea of guilty than it is entitled to following a plea of not guilty. We disagree. That a defendant's guilt in one case is litigated and in another stipulated is immaterial to the question of what evidence is relevant during the punishment phase of a trial. Appellant's fourth ground of error is overruled.

The judgment below is affirmed.