Buddie Lavisa **KING**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 01–87–01092.

Court of Appeals of Texas,
Houston (1st Dist.).

Feb. 2, 1989.

Larry D. Dowell, Houston, for appellant.

John B. Holmes, Lynne W. Parsons, David Singer, Houston, for appellee.

Before EVANS, C.J., and COHEN and SAM BASS, JJ.

## OPINION

COHEN, Justice.

A jury convicted appellant of murder and assessed her punishment at five years imprisonment and $1000 fine.

The murder victim was appellant's husband, Adolph King. Appellant presented evidence that she acted in self-defense when she shot Adolph with a shotgun on October 24, 1986, at a time when they were living apart and a divorce was pending. Appellant presented fact and expert witnesses who testified that Adolph King had physically and mentally abused her throughout the marriage. The State asserted that the killing was deliberate and was partly motivated by appellant's knowledge that she was the beneficiary on a life insurance policy on her husband's life.

Appellant asserts that the trial court committed reversible error by admitting, over objection, prejudicial hearsay testimony of Ann Perry. Perry, a co-worker of Adolph King, testified that approximately two weeks before the killing, Adolph stated that he had awakened to find appellant pointing a double-barreled shotgun in his face. The murder weapon in this case was a double-barreled shotgun.

Appellant was cross-examined at the guilt-innocence stage of trial regarding her knowledge of guns and her access to the murder weapon. The prosecutor asked:

Q. As a matter of fact, you had used that shotgun before?

A. No sir.

The State later called Ann Perry, and the following transpired:

Q. Did he (Adolph King) ever talk to you about a fight that occurred or incident that occurred shortly before the murder at Lake Sommerville?

A. Yes.

Q. What did he tell you about that?

Mr. Phillips (defense counsel): Objection, your honor, this is hearsay. It's not rebuttal. It's not proper rebuttal.

The court: Overruled, counselor. Overruled.

A. I was making coffee and he was standing there and he told me he had woke up with a double barrel shotgun in his face.

Q. And who was holding that double barreled shotgun?

A. (Indicating appellant)

Appellant again objected that Perry's testimony was hearsay, was not in rebuttal to any evidence that came in during the defense case-in-chief, and was contrary to the rule in *Hammett v. State*, 713 S.W.2d 102 (Tex.Crim.App.1986). The objections were again overruled, and immediately thereafter, the prosecutor asked several more questions concerning the conversation. Appellant's counsel then briefly cross-examined Perry concerning the date of the conversation. Both sides referred to Perry's testimony in closing argument, and the prosecutor characterized Perry and one other witness as "probably the most important [State's] witnesses."

Perry's quoted testimony was hearsay and thus was not admissible unless it fell within an exception to the hearsay rule. Tex.R.Crim.Evid. 801(d), 802.

■ The State argues that Perry's testimony was properly admitted to rebut appellant's testimony that she had never "used that shotgun before," and as evidence of her ill will, motive, and intent to kill, all contrary to her claim of self-defense. The State cites seven cases for this proposition; however, none held that hearsay was admissible for such purposes. Indeed, none involved hearsay. In each case, the State produced either an eyewitness or a statement by the defendant.[1]

**1.** *Brandley v. State*, 691 S.W.2d 699, 705 (Tex. Crim.App.1985); *Flannery v. State*, 676 S.W.2d

■ The State further relies on Rule 404(b), Tex.R.Crim.Evid., which provides that evidence of other crimes, wrongs, or acts may be admissible to show motive and intent. Nothing in Rule 404(b), however, provides that hearsay is admissible over objection for this purpose.

■ Finally, the State argues that the error was harmless because the same evidence was later admitted without objection. The State relies on *Anderson v. State*, 717 S.W.2d 622, 626–28 (Tex.Crim.App.1986). We find that *Anderson* is distinguishable. The hearsay was harmless in *Anderson* because other witnesses and the defendant himself testified to the same facts. In the present case, neither appellant nor any other witness testified to the same facts as Ann Perry.

We find that *Graham v. State*, 710 S.W. 2d 588, 591–92 (Tex.Crim.App.1986), is dispositive of this argument. Here, as in *Graham*, the additional testimony came from the same witness whose testimony had been unsuccessfully challenged by a hearsay objection, and it immediately followed the overruled objection. The court in *Graham* held that a repeated objection would have been "rather futile" and was therefore unnecessary. Likewise, the brief cross-examination of Perry that followed was necessitated by the court's erroneous ruling and was obviously intended only to meet and to weaken the impact of the erroneously admitted hearsay. *See Nicholas v. State*, 502 S.W.2d 169, 173–75 (Tex. Crim.App.1973) (op. on reh'g). We hold that the error was preserved.

In *Garrett v. State*, 641 S.W.2d 232 (Tex. Crim.App.1981), the court reversed because hearsay was admitted that bolstered a prior witness' testimony. The instant case is a stronger one for reversal than *Garrett* because the damaging testimony in *Garrett* had already been admitted from a proper source. In this case, Perry's hearsay was the sole source of the prejudicial evidence, and appellant had no opportunity to confront the deceased declarant.

In *Crawford v. State*, 603 S.W.2d 874 (Tex.Crim.App.1980), a wife was convicted of shooting her husband to death. Their son testified that the husband had stated that the wife had previously tried to poison him. As here, the son had no firsthand knowledge of the attempt, *id.* at 875, and as here, the defense was self-defense, there were no eyewitnesses other than the defendant, the defendant's mental state at the time of the killing was hotly contested, and the State relied on circumstantial evidence to disprove the claim of self-defense. *Id.* The court reversed, holding that sustaining the objection and instructing the jury to disregard the hearsay were insufficient to cure the harm. Here, the trial judge overruled appellant's meritorious objection and gave no instruction to disregard. *See also Ward v. State*, 657 S.W.2d 133 (Tex.Crim. App.1983); *Salas v. State*, 403 S.W.2d 440 (Tex.Crim.App.1966).

Because we have held that inadmissible hearsay cannot be used in rebuttal to impeach appellant's testimony, we need not reach appellant's claim that no rebuttal whatever should have been allowed to her answer because it was given on cross-examination. *See Prescott v. State*, 744 S.W. 2d 128, 131–32 (Tex.Crim.App.1988); *Hammett v. State*, 713 S.W.2d 102, 105 n. 4 (Tex.Crim.App.1986) (holding that the State is bound by the answers it receives on cross-examination and may not "boot strap its way to such impeachment by eliciting [testimony] for the first time on cross-examination ... and then contradicting it").

This case was vigorously contested, and the evidence of guilt was not overwhelming. Perry's testimony was important because it cast doubt upon appellant, who was the sole eyewitness and the most important defense witness. The jury was not told, either when Perry's testimony was admitted or in the jury charge, that her testimony was limited to impeachment only

369 (Tex.Crim.App.1984); *Williams v. State*, 662 S.W.2d 344 (Tex.Crim.App.1983); *Porter v. State*, 623 S.W.2d 374, 385–86 (Tex.Crim.App. 1981); *Wright v. State*, 591 S.W.2d 458, 460 (Tex.Crim.App.1979); *Halliburton v. State*, 528

S.W.2d 216, 217 (Tex.Crim.App.1975); *Lolmaugh v. State*, 514 S.W.2d 758 (Tex.Crim.App. 1974); *Fielder v. State*, 683 S.W.2d 565, 573–76 (Tex.App.—Fort Worth 1985), *rev'd*, 756 S.W.2d 309 (Tex.Crim.App.1988).

and did not constitute evidence of guilt. Indeed, the State argues on appeal that it was admissible precisely because it was evidence of intent to kill, the only disputed element in the case. Perry's hearsay testimony was plainly harmful. Tex.R.App.P. 81(b)(2).

The first point of error is sustained. Therefore, we need not decide the remaining points.

The judgment is reversed, and the cause is remanded.