Opinion issued April 17, 2003








  
 
 




In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-02-00300-CR
____________
 
NATHANIEL WATTS, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee
 

 
 
On Appeal from the 400th District Court
Fort Bend County, Texas
Trial Court Cause No. 34488A
 

 
 
MEMORANDUM OPINION
          A jury found appellant, Nathaniel Watts, guilty of burglary of a building, and
the trial court found the enhancement true and assessed punishment at 20 years in
prison. In one point of error, appellant argues that the trial court abused its discretion
when it denied his motion for mistrial. We affirm.
Background
          On February 23, 2001, at approximately 4:00 a.m., Fort Bend County Deputy
M.E. Fisher was patrolling the Woodbridge subdivision because it was under
construction and there had been construction thefts. Deputy Fisher was driving in a
marked patrol car when he noticed a car backed into the driveway of a house that was
still under construction. He shined his spotlight on the car and saw a person sitting
in the driver’s seat. The driver of the truck accelerated out of the driveway and drove
directly toward Fisher. Fisher had to swerve out of the way, and he turned around
and pursued the truck. The pursuit wound around the subdivision and ended when
appellant’s truck crashed into a partially constructed home.
          Fort Bend County Sheriff’s Detective Brian Schmitt came to the scene, and he
recovered a pair of garden gloves from the floorboard of the truck. The gloves were
described as having small, sticky dots on their surface. While surveying the house,
Schmitt noticed a back window was broken, and he saw that the refrigerator, washer,
and dryer had been moved to the garage. 
          Fort Bend County Sheriff’s Corporal Robert Becker also came to the scene, and
he discovered a dotted-pattern smudge mark on the dryer and a muddy shoe print
inside the house. He testified that the washer, dryer, and refrigerator had been moved
from the washroom and kitchen areas of the house into the garage, and the hot and
cold water hoses had been cut.
          Deputy Fisher testified that he did not see appellant enter or exit the home in
front of which he was parked. The construction manager, Michael Rutkoski,
however, testified that when he left the home at approximately 5:30 p.m. the evening
before the burglary, the appliances were not in the garage and their connections were
intact.                                                  Mistrial
          In his sole point of error, appellant argues that the trial court reversibly erred
in denying his motion for mistrial.
          The denial of a motion for mistrial is reviewed under an abuse of discretion
standard. Trevino v. State, 991 S.W.2d 849, 851 (Tex. Crim. App. 1999). Generally,
the error in an improper statement by a prosecutor can be corrected by an instruction
to disregard, thus obviating the need for a mistrial. Swallow v. State, 829 S.W.2d
223, 226-27 (Tex. Crim. App. 1992). In extreme cases, the improper statement is
calculated to inflame the minds of the jury or is so indelibly ingrained in their minds
that it is not susceptible to withdrawal or retraction by an instruction to disregard. Id. 
          Appellant filed a motion in limine seeking, among other things, a hearing on
“any identification evidence consisting of glove prints or shoe prints until both the
admissibility of the evidence and the qualifications of the witness giving the evidence
has been determined outside the hearing of the jury.” At the motion in limine
hearing, the prosecutor declared that she would not “put an I.D. officer on the stand
to say, ‘In your expert opinion, did this glove make this print,’ no, I’m not going to
do that.” Instead, she said, she would introduce the shoe and glove as well as
photographs from the scene and allow the jury to reach its own conclusion.
          During the direct examination of Corporal Becker, the prosecutor elicited
testimony regarding unique patterns found in the shoe print photographed at the scene 
and then referred Becker to State’s exhibit one, appellant’s shoe. Before the
prosecutor asked any questions about the shoe, appellant asked to approach the bench
and referenced the motion in limine. The trial court refused to allow the prosecutor
to ask Becker to describe the pattern on the bottom of appellant’s shoes.
          Corporal Becker then testified about the glove prints he found at the scene. He
discovered glove prints with circular-type, dot patterns on them on top of a dryer
found in the garage. The connections had been cut on the appliance. Becker then
produced a pair of gloves found in appellant’s truck. The prosecutor asked Becker
to hold up the gloves and describe the pattern on the gloves. He testified, without
objection, that “on the gloves are a circular dot pattern which are similar to the
pattern--” The prosecutor stopped him before he completed his answer. The
prosecutor again asked Becker to “just describe the pattern on the gloves.” Becker
responded that the pattern was “a circular dot pattern.”
          At the conclusion of Becker’s direct examination, the prosecutor asked him
“what evidence do you have to lead you to believe that a certain individual was in that
home?” Appellant again asked to approach the bench. The trial court refused to
allow the question, but told the prosecutor she could ask “what evidence did Becker
have that appellant had been in the burglarized home.” The question was asked, and
Becker responded, “We have shoe impressions which have markings that are similar
to the shoes--” and appellant asked to approach the bench. The jury was dismissed,
and the attorneys discussed Becker’s “opinion” testimony. The trial court agreed to
instruct the jury to disregard Becker’s statement, but it denied appellant’s motion for
mistrial. The jury returned, and the trial court stated, “The jury is instructed to
disregard the last answer of the witness.”



          Appellant argues that the State, who was required to prove appellant entered
the habitation, relied only on circumstantial evidence to establish entry, and the
prosecutor’s misconduct resulted in a denial of a fair trial. See Crawford v. State, 603
S.W.2d 874, 876 (Tex. Crim. App. 1980). We disagree.
          During the cross-examination of Detective Schmitt, appellant asked, 
Appellant: Do you have direct evidence that a glove was in the building
or the Defendant was in the building?
 
Detective Schmitt: I believe – well, I believe the glove prints are similar
to that found in the truck.

Appellant did not object to Schmitt’s testimony about the similarity of the glove
prints found in the house and the gloves found in appellant’s truck. This is the very
evidence appellant complains of on appeal. Appellant waived his objection to the 
substance of any admitted testimony relating to the glove prints because the same
substantive testimony was elsewhere admitted without objection. See Penry v. State,
691 S.W.2d 636, 655 (Tex. Crim. App. 1985) 
          With respect to the shoe prints, the jury was properly instructed to disregard
Becker’s incomplete answer commenting on the similarity of the unique design on
appellant’s soles of his shoes and the shoe prints found in the house. Furthermore,
during his closing argument, appellant reminded the jury of the statement it had been
instructed to disregard. Appellant’s counsel stated that, 
. . . during the testimony of Corporal Becker, who testified that he
worked in the identification division of the Fort Bend County Sheriff’s
Department, at one point he stated that, in his opinion, there was some
similarity between the shoes that were presented to you and the print in
the photograph which was presented to you. I want to remind you that
the judge instructed you that you are to disregard that statement that he
made. 

It is appellant’s prerogative to remind the jury of the objectionable testimony and the
instruction to disregard the testimony. It does, however, lessen the significance of his
argument that the objectionable testimony was harmful to him.
          The trial court did not abuse its discretion when it denied appellant’s request
for a mistrial. We overrule appellant’s sole point of error.
Conclusion
          We affirm the judgment.

                                                                        George C. Hanks, Jr.
                                                                        Justice

Panel consists of Chief Justice Radack and Justices Nuchia and Hanks.

Do not publish. Tex. R. App. P. 47.