Gayle Stickler DOVE, Appellant,

v.

The STATE of Texas, Appellee.

No. 07–87–0152–CR.

Court of Appeals of Texas, Amarillo.

March 31, 1989.

Discretionary Review Refused June 28, 1989.

466

Richard Shinaut, Sue Kurita, Hardie, Hallmark, Sergent, Hardie & Langford, El Paso, for appellant.

Robert Dinsmoor, Asst. Dist. Atty., El Paso, for appellee.

Before REYNOLDS, C.J., and DODSON and BOYD, JJ.

REYNOLDS, Chief Justice.

A jury convicted appellant Gayle Stickler Dove of the offense of aggravated sexual assault of a child and assessed her punishment at confinement for twenty years.[1] The conviction rests primarily upon testimony of the outcry statements of the three-year-old complainant, authorized to be admitted pursuant to Article 38.072 of the Texas Code of Criminal Procedure (Vernon Supp.1989), and the outcry statements of other children.

Appellant presents a five-point attack on the judgment of conviction by her appellate contentions. The contentions are, in essence, that the trial court erred in admitting the outcry statements of the children because: (1) article 38.072, *supra*, is unconstitutional; (2) the court failed to determine the competency of the child declarants; (3) the application of article 38.072, *supra*, violated the constitutional guarantee against ex post facto laws; (4) the outcry statements of the other children were of extraneous offenses not material to any issue and were prejudicial; and (5) the State did not comply with the specific requirements of article 38.072, *supra*. Because the fourth point of error must be sustained, the judgment will be reversed and the cause will be remanded.

The voluminous record of the testimony given by more than twenty persons, including appellant, reveals that the State, in presenting its case in chief, evidenced that appellant was employed as a pre-school teacher of three-year-old children at the East Valley YMCA in El Paso during 1983–85. Several children made statements to adults about being subjected to sexual acts by appellant.

In February of 1985, the Texas Department of Human Resources (now the Texas Department of Human Services) began an investigation concerning allegations of child abuse at the school. The investigation established that appellant and another teacher, Michelle Noble, had daily control over the children. Throughout the school year, the children, including the three-year-old complainant, M___ O___, would leave the school, going on field trips or walking to a nearby park playground near Noble's residence. During these excursions, some of the children were taken to Noble's residence and sexually abused, resulting in, so

1. Appellant was indicted for the offense by an El Paso grand jury. A change of venue was granted to Potter County, where appellant was convicted. A new trial was ordered by the trial court, and a change of venue was granted to Lubbock County, where the State obtained the conviction underlying this appeal.

the parents observed, irregular behavior and unusual mannerisms by the children.

As a result of the investigation, appellant was indicted for the offense of aggravated sexual assault. The gist of the indictment was that on or about 28 February 1985, appellant caused the penetration of M____ O____'s anus by the means of a pencil.

The parents of M____ O____ had placed him in the school in September, 1984. The testimony of his outcry statements, admitted upon a showing of facial compliance with the requirements of article 38.072, *supra,* evinced that appellant had committed acts of sexual abuse upon the child, including the insertion of a pencil into his rectum. The testimony, being believed by the jury, sufficiently supported the allegations of the indictment and jury's verdict of guilt.

Over appellant's unsuccessful pretrial and trial objections that it was hearsay evidencing extraneous offenses, testimony of the outcry statement of three other children was admitted during the State's case in chief. In brief, the testimony of the statements made by three-year-old J____ N____, three-and-one-half-year-old M____ W____, and four-year-old S____ B____, was that appellant engaged in sexual contact with them by, among other actions involving one or more of the children, touching the buttocks and penis and kissing the breasts, making them touch and massage her breasts and vagina or vaginal area, and sticking a finger nail file and her finger into the rectum. The testimony also revealed a child was placed in fear by appellant's threat to place him in a dark place and kill his parents if he told about the sexual contact.

The testifying employees of the Texas Department of Human Services were of the opinion that the investigation, which included videotaping of the children, confirmed that all four children were sexually abused. The confirmation was expressed without any medical testimony to corroborate sexual abuse.

None of the children testified. In giving her testimony, appellant denied that she placed a pencil in the complainant's rectum. She also denied that she did the acts attributed to her by the testimony of the statements made by the other three children.

There is no dispute that the testimony implicating appellant in the sexual abuse of the children other than complainant evidenced offenses against the person denounced by the Texas Penal Code and, as such, they were extraneous to the offense for which appellant was on trial. Although evidence of extraneous offenses committed by the accused are admissible for some purposes, *Albrecht v. State,* 486 S.W.2d 97, 101 (Tex.Cr.App.1972), the general rule is that the evidence is not admissible. The rule obtains for the reasons that an accused is entitled to be tried on the accusation made in the State's pleadings, and he should not be tried for some collateral crime or for being a criminal generally. *Soffar v. State,* 742 S.W.2d 371, 377 (Tex. Cr.App.1987). Even evidence of an accused's propensity to commit crimes is not material to whether he is guilty of the specified crime charged by the State and, therefore, is inherently prejudicial. *Elkins v. State,* 647 S.W.2d 663, 665 (Tex.Cr.App. 1983).

■ Nevertheless, a well established exception to the general rule is that evidence of an extraneous offense may be admissible upon a showing that the offense is relevant to a material issue in the case, and that the relevancy of the evidence outweighs its inflammatory or prejudicial potential. *Id.* Logically, then, the question whether the evidence is admissible must be answered upon a consideration of the particular facts of each case. *Franklin v. State,* 488 S.W.2d 826, 829 (Tex.Cr.App. 1972). And the burden is upon the State to show that the evidence is relevant to a material issue in the case, and that its relevancy outweighs its inflammatory or prejudicial potential. *Williams v. State,* 662 S.W.2d 344, 346 (Tex.Cr.App.1983).

■ At the threshold of the application of these principles to the particular facts of this prosecution stands the State's assertion that the error, if any, in admitting the extraneous offenses evidence was not preserved for review. According to the State,

the pretrial objections were nothing more than a motion in limine, the overruling of which does not preserve error; and, albeit some objections were timely made, at other times no objection was made, or it was made untimely, to the testimony, thereby waiving any error. *Whalon v. State,* 725 S.W.2d 181, 189–90 (Tex.Cr.App.1986). The assertion is not well-founded.

An examination of the record shows that appellant's pretrial objection to the expected evidence of extraneous offenses was overruled, thereby signifying the evidence would be admitted. When each witness to whom the first outcry was made by the children was called upon to testify to the statements, appellant's objection was overruled, thereby permitting the admission of the testimony. Under these circumstances, appellant was not required to object each time the extraneous offenses were mentioned. Tex.R.App.P. 52(b); *Boutwell v. State,* 719 S.W.2d 164, 170 (Tex.Cr.App. 1985).

■ To justify the admission of the evidence of extraneous offenses, the State first submits that the evidence was res gestae of the indicted offense, being admissible to show the context in which a criminal act occurred. *Wilkerson v. State,* 736 S.W.2d 656, 659–60 (Tex.Cr.App.1987). However, the State's submission is belied by the court's instruction to the jury that they could consider the admitted extraneous offenses evidence only "in determining the identity, intent, or motive of the defendant ... and for no other purpose." *Turner v. State,* 754 S.W.2d 668, 674 (Tex.Cr. App.1988).

Beyond that, the protean expression "res gestae" is invoked only when the evidence embracing an extraneous offense shows "what occurred immediately prior to and subsequent to the commission of the act [charged by the State] so that [the jury] may realistically evaluate the evidence." *Albrecht v. State,* 486 S.W.2d at 100. But the State's allegation of appellant's commission of the offense on or about 28 February 1985 was an approximation since the evidence does not depict a continuative sequence of the extraneous offenses in rela-

tion to the offense charged against appellant. Indeed, the only "context" shown is that the offenses occurred in a general time frame. Consequently, the evidence of the extraneous offenses was not admissible as res gestae of the indicted offense.

■ Next, the State would justify the admission of the evidence of extraneous offenses to show a plan or scheme by appellant. Yet, there is no evidence that the extraneous offenses were committed during a continuing course to accomplish a plan to sexually assault the complainant. The showing of appellant's commission of similar offenses with third parties does not, of itself, show a plan or scheme. *Boutwell v. State,* 719 S.W.2d at 181.

■ And, finally, the State justifies the admission of the extraneous offenses testimony to rebut a defensive theory of mental distress. In doing so, the State represents that three references in the record reflect a defensive strategy to show that the complainant's statements were made not because of appellant's acts, but because his aunt was dying of cancer which caused him severe emotional distress. The purported justification is not supported by the record references.

The State's record references show no more than general inquiries about emotions caused by the aunt's illness; there is no suggestion there, or discovered elsewhere in the record, that the concern over the aunt's condition prompted the complainant to accuse appellant of the sexual assault. Rather, the cross-examination inquiries on the subject were mere explorations of the conditions at the time the parent said the complainant registered an unusual behavior attributed to appellant's conduct. In short, the cross-examination did not advance a defense which was rebuttable by evidence of the extraneous offenses. *Id.* at 180.

Parenthetically, it is noticed that the State does not claim that the evidence of extraneous offenses was admitted, as the court instructed the jury, to aid them in determining the identity, intent, or motive of appellant. And understandably so, for

the prosecutor stated during the voir dire that the State was not required to prove motive or intent in a sex crime, and appellant's identity was not a disputed issue.

It follows that the State has not discharged its initial burden to show the extraneous offenses with third parties were relevant to any material issue in the prosecution, especially since at the time the evidence was admitted, appellant had not denied the primary act, had not undermined or impeached the complainant, and had not advanced a defense. *See Boutwell v. State,* 719 S.W.2d at 178, 180. As a consequence, there was no relevancy value of the evidence to outweigh its inflammatory or prejudicial potential. Then, the admission of the evidence was erroneous in the light of appellant's objections. Appellant's fourth point of error is sustained.

█ There remains the question whether the error was, as the State proposes, harmless. The error would be harmless only if it is determined beyond a reasonable doubt that the error made no contribution to the conviction. Tex.R.App.P. 81(b)(2).

The particular facts of this prosecution include the acceptance of inadmissible evidence tending to show appellant was a general child abuser, an admission condemned by the *Boutwell* court. Given these circumstances, it cannot be said beyond a reasonable doubt that the error did not contribute to appellant's conviction. *Turner v. State,* 754 S.W.2d at 675.

Since a reversal of the judgment must occur, it is unnecessary to address appellant's other points of error. Tex.R.App.P. 90(a). The constitutionality of article 38.-072, *supra,* need not be determined, for the determination is not absolutely necessary to decide the appeal in which the point is raised.[2] *Turner v. State,* 754 S.W.2d at 675. If the point-of-error contentions other than those by which the constitutionality of the statute is challenged were sustained,

the sustention would not alter the disposition made of the appeal; and, if the contentions are raised in a further proceeding, they are not likely to be positioned on the same record.

The judgment is reversed, and the cause is remanded to the trial court.

---

**2.** The courts of appeals are not of one mind on the question whether article 38.072 is constitutional. *Compare, e.g., Mares v. State,* 758 S.W. 2d 932, 933 (Tex.App.—El Paso 1988, n.p.h.) (holding that article 38.072 suffers the same constitutional infirmity found by *Long v. State,* 742 S.W.2d 302, 303 (Tex.Cr.App.1987), *cert. de-*

*nied,* —— U.S. ——, 108 S.Ct. 1301, 99 L.Ed.2d 511 (1988), to exist in article 38.071), *with Rainey v. State,* 763 S.W.2d 470, 473–74 (Tex.App.— Houston [14th Dist.] 1988, n.p.h.) holding that the basis on which the *Long* court held article 38.071 unconstitutional is not applicable to article 38.072).