Opinion issued December 11, 2008












In The

Court of Appeals

For The

First District of Texas






NO. 01-07-00417-CR






CHAD ANDREW ISENBERGER, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 412th District Court

Brazoria County, Texas

Trial Court Cause No. 50846




 


MEMORANDUM OPINION

 Appellant, Chad Andrew Isenberger, was convicted by a jury of aggravated
sexual assault. See Tex. Penal Code Ann. § 22.021(a)(1)(B)(iii) (Vernon Supp.
2008). After appellant pleaded true to three previous burglaries, the trial court
assessed punishment at imprisonment for forty years. Appellant brings five points of
error. The first four allege the trial court erred in admitting evidence of two
extraneous offenses, in overruling two challenges for cause to veniremembers, and
in not granting a mistrial based on alleged inadmissible testimony. The last point of
error argues that this Court should grant a new trial based on the factual insufficiency
of the evidence. We affirm.

Background

 Appellant was a neighbor of the victim, A.A., a thirteen-year-old girl. 
Appellant lived in a trailer with his wife and two children, and the trailer was next
door to A.A.'s house. A.A. testified that in August 2005 appellant engaged in oral
sex and sexual intercourse with her. H.P., a friend of A.A.'s, testified that she was
present on one occasion when appellant asked both girls to lift up their skirts and
appellant performed oral sex on A.A.

 Appellant's wife testified that in August 2005 she was living in the trailer with
her and appellant's two children. Because of the close quarters, appellant's wife
testified that the sexual encounters between appellant and A.A. could not have
happened during August 2005.

 Appellant's son testified for the State that after his mother moved out of the
trailer, he saw appellant and A.A. on a couch under some covers. Finally, the State
called two of A.A.'s female friends, H.P. and L.Z., to testify as rebuttal witnesses that
appellant had exposed himself to them.

Discussion

 In point of error one, appellant complains of the admission of evidence that
appellant committed the offense of indecency with a child on two occasions by
exposing his genitals to A.A.'s friends, H.P. and L.Z. See Tex. Penal Code Ann.
§ 21.11 (Vernon 2003) (indecency with child). Appellant argues that the testimony
is nothing more than evidence of other crimes to prove his character in order to show
he acted in conformity, which is specifically prohibited by Texas Rule of Evidence
404(b).

 Appellant spends 12 pages of his brief discussing cases about extraneous
offenses. However, appellant does not discuss the specific bases on which the trial
court admitted the testimony concerning the two instances of indecency with a child:
"I think it is relevant, other than character conformity; and I think it does go to rebut
opportunity and fabrication; and I find that the probative value is not outweighed by
the prejudice. So I'm going to allow you [the State] to go into it this afternoon." The
trial court reached this conclusion after a hearing outside the presence of the jury that
takes up 44 pages of the reporter's record. Appellant does not substantively discuss
that hearing. Further, of the ten cases appellant cites as authority for why this Court
should reverse, not a single one is factually similar. These cases stand for the settled
proposition that extraneous acts are not admissible to show character conformity. See
Rankin v. State, 974 S.W.2d 707 (Tex. Crim. App. 1996); Owen v. State, 827 S.W.2d
911 (Tex. Crim. App. 1992); Turner v. State, 754 S.W.2d 668 (Tex. Crim. App.
1988); Garza v. State, 715 S.W.2d 642 (Tex. Crim. App. 1986); Boutwell v. State,
719 S.W.2d 164 (Tex. Crim. App. 1985 & 1986); DeLeon v. State, 77 S.W.3d 300
(Tex. App.--Austin 2001, pet. ref'd); Webb v. State, 36 S.W.3d 164 (Tex.
App.--Houston [14th Dist.] 2000, pet. ref'd); Castillo v. State, 910 S.W.2d 124 (Tex.
App.--El Paso 1995, pet. ref'd); Celeste v. State, 805 S.W.2d 579 (Tex. App.--Tyler
1991, no pet.); Dove v. State, 768 S.W.2d 465 (Tex. App.--Amarillo 1989, pet.
ref'd). (1)

 Appellant's wife testified at trial that A.A. could not have been sexually
assaulted on the dates A.A. claimed they occurred. The wife was living in appellant's
trailer at that time, and she testified that it would have been physically impossible for
the assaults to have occurred without her knowledge. Appellant, therefore, opened
the door to testimony that he did have the opportunity to commit the assaults. This
kind of testimony is specifically permitted under Rule 404(b) ("It may, however, be
admissible for other purposes, such as proof of . . . opportunity . . . .").

 An objection based on Rule 404(b) inherently includes an objection that the
testimony is not relevant under Texas Rule of Evidence 402. Rankin, 974 S.W.2d at
709. The trial court specifically concluded that the testimony was relevant to rebut
the issues of opportunity and fabrication. The trial court also specifically concluded
that the probative value of the testimony was not outweighed by its prejudice. As we
previously noted, appellant does not substantively discuss why the testimony is
inadmissible when the trial court concluded the testimony should be admitted to show
opportunity. Applying the abuse-of-discretion standard of review set forth in
Montgomery v. State, we hold that the trial court did not abuse its discretion in
admitting the evidence of the two instances of indecency with a child. (2) See
Montgomery v. State, 810 S.W.2d 390-93 (Tex. Crim. App. 1990 & 1991).

 We overrule point of error one.

 In points of error two and three, appellant contends the trial court erred in
overruling a challenge for cause during voir dire. Appellant asked the members of
the venire to each state a score from 0 to 4, with "0" signifying innocence and "4"
guilt. The challenged veniremember responded that she gave appellant a 1.5, and the
following discussion occurred:

 [APPELLANT"S LAWYER]: . . . Are you operating from, say, a
perspective or a feeling that [appellant's] a little bit guilty? Is that --

 [VENIREMEMBER]: I base it basically -- I have a son and I
have a daughter and I know children very well and so I tried to kind of
regulate my feelings on raising my children how they answer things. I
know when they are lying and when they are not, when they are
involved in something, when they are not. I don't think anybody is
completely innocent of anything. I mean there is always a margin of
some part of guilt in something. I mean I don't think anyone in this
whole room is completely innocent of anything. You know, I'm saying
they may have been guilty of something in their lifetime.

Appellant acknowledges that the veniremember specifically stated that she
understood the presumption of innocence, that she did not know whether appellant
was guilty or not guilty, and that "you're innocent until proven guilty and that's truly
what I believe." The trial court overruled the challenge for cause "[b]ased on the
totality of her responses."

 The veniremember's remarks were clearly her general theological and/or
philosophical belief in the imperfection of human beings. When specifically
questioned about the appellant's guilt or innocence, she was unequivocal in her belief
in the presumption of innocence. Appellant's brief contains 12 pages of argument
and authority generally discussing the presumption of innocence and the requirement
that jurors be unbiased as a matter of law (point two) and as a matter of fact (point
three). None of this argument or authority discusses whether a prospective juror who
believes in human frailty is inherently biased, and we know of no such authority.

 Points of error two and three are overruled.

 In point of error four, appellant claims the trial court erred in overruling his
motion for a mistrial. Appellant's son testified for the State, and the following
occurred:

 Q. Okay. So at some point after that you were living in
Wimberly with your mother?

 A. Yes, sir. It was after we had to move because my dad was
trying to -- he thought that he had work in Louisiana, but what it was
was that people wanted him out of Twin Lakes because they thought that
he was going to rob them.

 [APPELLANT'S LAWYER]: Objection, Your Honor, to
any kind of backdoor hearsay the witness is trying to get into.

 THE COURT: I'll sustain that objection.

 [APPELLANT'S LAWYER]: And request an instruction
to the jury to disregard the previous answer of the witness.

 THE COURT: Ladies and gentlemen, just
disregard the previous response.

 [APPELLANT'S LAWYER]: Request a mistrial for the
record at this time.

 THE COURT: Overruled.

 Appellant's brief contains no argument or authorities relevant to the overruling
of a motion for mistrial. Appellant does cite to eight cases involving reversible error
involving hearsay, but in each of the cases (1) the trial court overruled the defendant's
objection to the hearsay testimony or (2) there was no objection based on hearsay. 
See Gardner v. State, 699 S.W.2d 831, 834 n.3 (Tex. Crim. App. 1985); Smith v.
State, 511 S.W.2d 296, 296-97 (Tex. Crim. App. 1974); Gamboa v. State, 481
S.W.2d 423, 425 (Tex. Crim. App. 1972); White v. State, 451 S.W.2d 497, 499 (Tex.
Crim. App. 1969 & 1970); Cofield v. State, 857 S.W.2d 798, 804 (Tex. App.--Corpus
Christi 1993), aff'd, 891 S.W.2d 952 (Tex. Crim. App. 1994); Hill v. State, 817
S.W.2d 816, 817 (Tex. App.--Eastland 1991, pet. ref'd); Davis v. State, 772 S.W.2d
563, 568-69 (Tex. App.--Waco 1989, no pet.); King v. State, 765 S.W.2d 870, 871
(Tex. App.--Houston [1st Dist.] 1989, no pet.).

 A trial court's denial of a motion for mistrial is reviewed under an
abuse-of-discretion standard. Simpson v. State, 119 S.W.3d 262, 272 (Tex. Crim.
App. 2003). A mistrial is appropriate for only highly prejudicial and incurable errors. 
Id. Ordinarily, a prompt instruction to disregard will cure the error. Id. We hold that
the trial court did not abuse its discretion in denying appellant's motion for mistrial.

 Point of error four is overruled. 

 In point of error five, appellant challenges the factual sufficiency of the
evidence concerning his conviction. Appellant's argument under this point is that the
testimony established that the aggravated sexual assault occurred in August 2005,
during a time when appellant's wife was living in the trailer and she testified that the
offense could not have occurred.

 When conducting a factual-sufficiency review, we view all of the evidence in
a neutral light. Cain v. State, 958 S.W.2d 404, 408 (Tex. Crim. App. 1997). We will
set the verdict aside only if (1) the evidence is so weak that the verdict is clearly
wrong and manifestly unjust or (2) the verdict is against the great weight and
preponderance of the evidence. Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App.
2000). Under the first prong of Johnson, we cannot conclude that a conviction is
"clearly wrong" or "manifestly unjust" simply because, on the quantum of evidence
admitted, we would have voted to acquit had we been on the jury. Watson v. State,
204 S.W.3d 404, 417 (Tex. Crim. App. 2006). Under the second prong of Johnson,
we cannot declare that a conflict in the evidence justifies a new trial simply because
we disagree with the jury's resolution of that conflict. Id. Before finding that
evidence is factually insufficient to support a verdict under the second prong of
Johnson, we must be able to say, with some objective basis in the record, that the
great weight and preponderance of the evidence contradicts the jury's verdict. Id. In
conducting a factual-sufficiency review, we must also discuss the evidence that,
according to the appellant, most undermines the jury's verdict. See Sims v. State, 99
S.W.3d 600, 603 (Tex. Crim. App. 2003).

 We may not substitute our judgment for that of the fact-finder. King v. State,
29 S.W.3d 556, 563 (Tex. Crim. App. 2000). The fact-finder alone determines what
weight to place on contradictory testimonial evidence because that determination
depends on the fact-finder's evaluation of credibility and demeanor. Cain, 958
S.W.2d at 408-09. As the determiner of the credibility of the witnesses, the fact-finder may choose to believe all, some, or none of the testimony presented. Id. at 407
n.5. The standard for reviewing the factual sufficiency of the evidence is whether,
after considering all of the evidence in a neutral light, the jury was rationally justified
in finding guilt beyond reasonable doubt. Watson, 204 S.W.3d at 415.

 Appellant's factual-sufficiency argument is that it was manifestly wrong for the
jury to not accept the testimony of appellant's wife that appellant could not have
committed the aggravated sexual assault in August 2005. It was the province of the
jury as fact-finder to determine the credibility and to decide how much of the
testimony to believe. Cain, 958 S.W.2d at 407 n.5. The jury was free to disbelieve
appellant's wife and believe the testimony of A.A. We hold that the jury's verdict
was not factually insufficient.

 We overrule point of error five.Conclusion We affirm the judgment of conviction.

 


 Sam Nuchia

 Justice


Panel consists of Chief Justice Radack and Justices Nuchia and Higley.

Do not publish. Tex. R. App. P. 47.2(b).
1. We note that appellant's lawyer states in his brief that these ten cases:


 aptly illustrate the reasoning and proper conclusion of
reversible error which ought properly to be drawn in the
instant case. To conclude otherwise would constitute
"result oriented" and "politically correct" jurisprudence
and intellectual contortionism honed to perfection.
2. At the conclusion of the testimony concerning the extraneous acts, the
trial court instructed the jury to evaluate the evidence as follows: "That
evidence, if any, will not be considered by you unless or until you
believe the State has proven it beyond a reasonable doubt; and even
then, said evidence, if any, shall not be considered by you unless you
believe beyond a reasonable doubt that it proves the Defendant's motive,
intent, plan, opportunity, identity, or consciousness of guilt."